CASE 35—PETITION ORDINARY—JANUARY 30.

# Higgs vs. Wilson.

**APPEAL FROM FULTON CIRCUIT COURT.**

A verbal statement or admission of a party, once **satisfactorily** proved, is not only competent but *convincing* testimony against such party. But proof of such statement, uncorroborated by other facts or evidence in the case, should be received with caution. The *caution*, however, should be applied to *the proof* of the statement, and not to the *statement when proved*. It is the *evidence* offered to establish the admission which the jury are to scrutinize, and in receiving which they are to exercise great caution.

An instruction to the jury that "the confessions or declarations of a party, in evidence before them, is the weakest and most unsatisfactory kind of evidence, on account of the facility with which it may be fabricated, and the difficulty of disproving it when false," is erroneous in confounding the *evidence* of the admissions with the *admissions* themselves, and in failing to observe the distinction between them.

GEO. C. HALLET, for appellant, cited *Jones on Bailments*, 117; 2 *Bl. Com.*, 451; *Story on Bailments, chap.* 1, *sec.* 2, *et passim;* 1 *Bibb*, 611; 2 *Bibb*, 311; 6 *Mon.*, 136; 6 *B. Mon.*, 341; 5 *Dana*, 7; 1 *Greenleaf's ·Ev., sec.* 200; *Litt. Sel. Cases,* 144; 5 *Dana*, 599; 1 *Marsh.*, 237–8.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The principle which determines the admissibility and effect of verbal admissions and statements of a party, is thus laid down by Greenleaf:

"With respect to verbal admissions, it may be observed that they ought to be received with great caution. The evidence, consisting as it does, in the mere repetition of oral statements, is subject to much imperfection and mistake—the party himself either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say. *But where the admission is deliberately made, and precisely identified, the evidence it affords is often of the most*

*satisfactory nature."* (1 *Greenleaf on Evidence,* sec. 200, *and the authorities cited in note.*)

In conformity with the rule as thus stated, this court, in the case of *Botts, &c. vs. Williams,* (17 *B. Mon.,* 697,) commenting upon an instruction similar in its terms to the instruction here complained of, used the following language:

"The second instruction is likewise objectionable. It was obviously intended to caution the jury as to the consideration they should give to *proof of confessions* made by a party in the presence only of the witness who details them when uncorroborated by other evidence. Its language, however, might tend to disparage the *admissions or statements* of the party *satisfactorily proved,* and is fairly susceptible of such a construction. A statement or admission of a party, *once proved,* is not only competent, but *convincing testimony,* against such party. But *proof* of such statement, uncorroborated by other facts or evidence in the case, should be received with caution. *The caution,* however, should be applied to *the proof* of the statement, and not the *statement when proved.*"

These authorities establish the obvious distinction which must always be observed between the verbal *admission* of a party and the *evidence* by which such admission is sought to be proved. It is the *evidence* offered to establish the admission which the jury are to scrutinize, and in receiving which they are to exercise great caution. The natural as well as the legal presumption is, that a party will not admit that which is untrue, against his own interest. And upon this principle it is properly held, that such admission, when satisfactorily proved to have been made, constitutes *convincing* evidence against the party.

The error committed by the court in the instruction given in this case consists in the failure to observe this distinction, and in confounding the *evidence* of the admissions with the *admissions* themselves.

The jury were told that "the confessions or declarations of a party, in evidence before them, is the weakest and most unsatisfactory kind of evidence, on account of the facility with

which it may be fabricated, and the difficulty of disproving it when false."

. The earlier cases in which language similar to this was used by the court, will, when properly understood, be found to fall far short of sanctioning the principle embodied in the instruction.    In the case, for instance, of *Snelling vs. Utterback*, *&c.*, (1 *Bibb*, 611,) the court had occasion to comment on the testimony of the witnesses who proved the *naked declarations* of the party, and whose credit was weakened either by their relation to the appellee, or other circumstances derogating from their character for veracity, and in that connection it was said that "this *species of evidence* is, in itself, the weakest and most unsatisfactory of all testimony, on account of the facility with which it may be fabricated," &c.   The *species of evidence* here referred to is, undoubtedly, the evidence offered to prove the declarations of the appellant, not the declarations themselves. And the same will be found true of all the subsequent cases. (2 *Bibb*, 311 ; 6 *B. Mon.*, 341.)

There is, therefore, no conflict in the authorities on this subject.    The rule as laid down in the later case of *Botts vs. Williams, supra*, is not only sustained by authority, but is obviously consistent with reason and propriety.

The judgment is therefore reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.