Brady v. Commonwealth.

CASE 11—INDICTMENT—SEPT. 13.

# Brady v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. CIRCUMSTANTIAL EVIDENCE SHOULD BE LEFT, LIKE DIRECT OR POSITIVE EVIDENCE, TO BE CONSIDERED BY THE JURY, and to have such weight as they deem it entitled to, without caution or suggestion on the part of the court as to its value or the necessity of scrutinizing it closely.

The Criminal Code (section 226) makes it the duty of the court to "*instruct the jury on the law applicable to the case.*"

This provision of the Criminal Code, by a clear implication, *prohibits the court from making suggestions to the jury as to the weight of any particular species of evidence* or what consideration they should give it.

The former practice of charging the jury has ceased in this state.

2. INSTRUCTIONS SHOULD BE CONFINED TO THE FACTS necessary to make out the charge or defense.

3. THE EVIDENCE SHOULD BE LEFT WITHOUT COMMENT.—Courts should confine the instructions as closely as possible to the essential facts necessary to make out the charge or defense, and leave the evidence offered to establish those facts to the jury without comment.

4. REASONABLE DOUBT.—The court should tell the jury to acquit if, on all the evidence, they entertain a reasonable doubt of the guilt of the accused or of any fact necessary to make out his guilt.

5. IT WAS NOT ERROR TO REFUSE THE FOLLOWING INSTRUCTIONS:

1. "The prisoner can not be convicted on the evidence of mere circumstances unless every one of the circumstances necessary to establish guilt is proven beyond a reasonable doubt, and also unless such circumstances are of such character and tendency as to exclude every rational theory of the case consistent with the prisoner's innocence."

2. "The jury should not convict on circumstantial evidence alone unless they are as much convinced by such evidence as if a single credible witness had proven directly and positively the facts necessary to convict him."

W. C. P. BRECKINRIDGE, }
JOHN B. HUSTON, . . . }  . . .  . For Appellant,

CITED

1 Starkie on Ev. 514.
1 Bishop's Crim. Pro. sec. 1071 and note.
2 Sumner, 27, U. S. v. Gilbert.
5 Cushing, 535, Webster case.
3 Greenleaf on Ev. sec. 137.
25 Miss. 584, Algheri v. State.
27 Ala. 20, Mickle v. State.
30 Vermont, 377, State v. Davidson.

JOHN RODMAN, Attorney General, . . . . For Appellee,

CITED

27 Ala. 21, Mickle v. State.
3 Bush, 117, Sparks v. Commonwealth.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant, Richard Brady, was indicted and tried in the Fayette Circuit Court for the murder of Sam Downing, and found guilty of the crime of manslaughter, and sentenced to be confined in the penitentiary for a period of two years, and to reverse that judgment he prosecutes this appeal.

The only ground insisted upon for a reversal is that the court erred in refusing to give to the jury certain instructions asked by appellant's counsel. The evidence was altogether circumstantial. The following instructions were asked and refused:

1. "The prisoner can not be convicted on the evidence of mere circumstances unless every one of the *circumstances* necessary to establish guilt is proven beyond a reasonable doubt, and also unless such circumstances are of such character and tendency as to exclude every rational theory of the case consistent with the prisoner's innocence."

2. "The jury should not convict on circumstantial evidence alone unless they are as much convinced by such evidence as

if a single credible witness had proven directly and positively the facts necessary to convict him."

3. "Before the prisoner can be convicted the jury must believe, to the exclusion of every reasonable doubt, that he has been proven guilty; they must be satisfied beyond a reasonable doubt of the truth of every fact in the chain of evidence necessary to establish his guilt."

The court refused to give any of these instructions, and also refused those asked by the attorney for the commonwealth, and then, of its own motion, gave the following:

1. "If the jury believe from the evidence beyond a reasonable doubt that the defendant, in this county, before the finding of the indictment, willfully and with malice aforethought shot and killed Sam Downing, as therein charged, when such killing was not necessary, and he had no reasonable ground to believe it to be necessary to protect himself from great bodily harm then about to be inflicted, they ought to find him guilty of murder and fix his punishment at death or imprisonment in the penitentiary for life, in their discretion."

2. "The court instructs the jury that if they believe from the evidence that Downing made a dangerous and unprovoked assault upon the accused just before the killing, but at the time of the killing was not in sight of deceased, and deceased was not aware of his presence, and was at the time making no effort or demonstration either to injure or pursue the accused, the willful killing by accused under these circumstances, if so done, would amount to either murder or manslaughter—murder if done willfully and with malice aforethought, and manslaughter if done willfully and in sudden heat and passion without malice aforethought."

3. "If the jury, on all the evidence, entertain a reasonable doubt of the guilt of the defendant, or of any fact necessary to make out his guilt, they should acquit him; or if they find him guilty and entertain a reasonable doubt whether his crime

be murder or manslaughter, they should find him guilty only of manslaughter."

The fourth instruction fixed the limits of punishment in the event the jury should find for manslaughter only, and these were all the instructions given.

Counsel for appellant insisted with great earnestness that the court erred in refusing to give the instructions asked for by the accused, or some others calculated to caution the jury against a too ready conviction upon circumstantial evidence alone. Much has been written by judges and text-writers on this subject, but we apprehend the true theory is, as suggested by the attorney representing the commonwealth, that circumstantial evidence being conceded to be competent, and when of a satisfactory character sufficient to warrant a conviction, it should be left, like direct or positive evidence, to be considered by the jury, and to have such weight as they deem it entitled to, without caution or suggestion on the part of the court as to its value or the necessity to scrutinize it closely.

As long as it was the duty of the court to charge the jury, as is still done in England and in many of the states of the Union, it was customary to comment to the jury upon the evidence, whether positive or circumstantial, and the court frequently gave intimations and sometimes plainly expressed its opinion of the character and value of the testimony. But our Criminal Code (section 226) makes it the duty of the court to "instruct the jury on the *law* applicable to the case," and since the adoption of that provision the courts have ceased to charge the jury in the mode previously in use.

The whole duty of the court is to instruct the jury "on the *law applicable to the case*," which, by a clear implication, prohibits the court from making suggestions to the jury as to the weight of any particular species of evidence, or what consideration they should give it.

They were told what *facts* were necessary to make out the

guilt of the accused, and that if, on all the evidence, they entertained a reasonable doubt of his guilt or of any *fact* necessary to make out his guilt, they ought to acquit him. This covered the whole law of the case, and was the whole duty of the court. Whether the evidence of circumstances which they had heard proved the *facts* necessary to constitute guilt, was for the jury, and any suggestion by the court as to the value of the evidence in establishing the necessary facts would have been an invasion of their province as triers of the facts.

The decided inclination of the courts is to confine the instructions as closely as possible to the essential *facts* necessary to make out the charge or the defense, and to leave the *evidence* offered to establish those facts to the jury without comment. This we think is not only the safer course, but is more in harmony with reason and the underlying principles of the trial by jury. If it be once admitted that the court may and ought to caution the jury to scrutinize closely and cautiously one class of evidence, it will be difficult to give a satisfactory reason why such caution should not be given as to any other species.

Undoubtedly a jury may be imposed upon by any kind of evidence, and every species ought to be closely scanned by them; but the courts are bound to presume that they will do so without being specially charged. They are told not to convict if they have, on all the evidence, a reasonable doubt whether the accused has been proved guilty. This is sufficient caution. If the court may caution them in regard to one species of evidence, it may do so as to all species, and when once it begins such admonitions it is impossible to say where the caution shall cease. There is only a difference in degree between telling the jury that a particular species of evidence needs to be cautiously considered, and telling them it is unworthy of credit. Such caution implies that the particular

Brady v. Commonwealth.

species of evidence to which it is applied is not entirely reliable, and ought to be distrusted; and if the court may so far judge of its quality, why may it not go a step further and tell them it is unworthy of belief?

The first instruction asked for the appellant is subject to the verbal criticism that it directed an acquittal unless "every one of the *circumstances* necessary to establish guilt" was proven. The circumstances were *evidence* merely; and if the jury believed beyond a reasonable doubt that the *facts* necessary to establish guilt were proved, it was their duty to convict, although they might doubt whether one or more of the *circumstances* attempted to be proved had been established.

But waiving this, and treating the instruction as if the word "facts" had been used in that portion just quoted instead of the word "circumstances," we are of the opinion that the instruction was properly refused on account of the latter clause.

In that clause the jury would have been told, in effect, that although they might believe beyond a reasonable doubt that every one of the circumstances (facts) necessary to establish guilt had been proved, yet they ought to acquit, unless the circumstances in evidence were of such a character and tendency as to exclude every rational theory consistent with the innocence of the accused.

It is not readily understood how a rational theory consistent with innocence could have existed if every fact necessary to establish guilt had been proved beyond a reasonable doubt. The instruction was therefore inconsistent with itself, or would have authorized the jury to acquit upon some imaginary theory of the case consistent with innocence, although satisfied beyond a reasonable doubt that guilt had been established.

As long as there is a reasonable hypothesis consistent with innocence there must remain a reasonable doubt of guilt; and whether the evidence is sufficient to exclude such doubt is

legitimate subject for argument by counsel, but it should not be commented on by the court.

In the second instruction the court was asked to erect a standard for the jury by which they were to estimate the weight of circumstantial evidence, and that they should acquit, although they might believe beyond a reasonable doubt that the accused had been proved guilty, unless they were as well satisfied of his guilt as if a single credible witness had proved directly and positively the facts necessary to convict. This, for reasons already given, would have been an invasion of the province of the jury, and was correctly refused.

The instructions given by the court embraced the substance of the third proposition of the accused, and are so clear and concise, and at the same time so fully cover all the points of the case, and are so easily understood, that further instructions were not necessary to enable the jury to render an intelligent verdict, and the judgment must therefore be *affirmed*.

To THE PETITION OF COUNSEL FOR APPELLANT FOR A REHEARING JUDGE COFER DELIVERED THE FOLLOWING RESPONSE OF THE COURT.

We have carefully read and considered the able and earnest petition of counsel for the appellant for a rehearing of this cause, but after a re-examination of the record and opinion have seen no reason for changing the opinion already rendered.

In cases like this, having no jurisdiction to reverse for error in the finding on the facts, or in refusing to grant a new trial, we can not look into the evidence except for the purpose of seeing whether the instructions were correct in view of the facts which it tended to prove.

After correctly assuming that it was the duty of the court to give to the jury the whole law of the case, and that the instructions in each particular case should conform to the particular state of facts presented by the evidence, the most important point presented is thus stated by counsel in the

petition: "We think that the defendant *was entitled, as a part of the law of the case,* to have the jury instructed that they ought not to convict unless the circumstantial evidence relied on as the basis of a verdict of guilty had sufficient probative force to exclude (in their judgment) every rational theory of the case consistent with his innocence."

We undertook to show in the opinion that this was in substance contained in the instructions given by the court. The court told the jury that "if, on all the evidence, they entertained a reasonable doubt of the guilt of the defendant, *or of any fact necessary to make out his guilt, they should acquit him."* We said, "It is not readily understood how a rational theory consistent with innocence could have existed if every fact necessary to establish guilt had been proved beyond a reasonable doubt;" and that "as long as there is a reasonable hypothesis consistent with innocence there must remain a reasonable doubt of guilt."

Counsel do not attempt to point out any error in this reasoning, and our own reflections have not enabled us to detect any. In the form of presenting the question adopted by the circuit court any expression of opinion by the court as to the character of the evidence was avoided; and this we understand to be the principal and perhaps the only objection which counsel have to the action of the court; for they say that "while the jury have the undoubted right, exclusive of the court, to weigh the evidence and determine upon it, yet they must weigh that evidence *according to law,* and the judge must, by his instructions, enable them to do so by informing them what is the law applicable to the facts of the particular case;" and then they proceed to state the question upon which they rest their case to be "whether there is any rule prescribed by law to govern them (the jury) in considering the facts falling within a particular class of evidence."

They maintain that there is such a rule of law, and refer to

some authorities upon which they rely to sustain them. They cite section 60 of Taylor on Evidence, in which the author, in discussing circumstantial evidence, says: "But admitting that the facts sworn to are satisfactorily proved, and a further and highly difficult duty still remains for *the jury to perform.* They must decide, not whether these facts are consistent with the prisoner's guilt, but whether they are inconsistent with any other rational conclusion; for it is only on this last hypothesis that *they* can safely convict the accused;" and to the same effect is Phillips on Evidence (5 Am. ed. 614), Starkie on Evidence (p. 497, note O, pp. 481, 506), Plumket's case (3 C. H. Rec. 137), Atwood's case (4 *Ib.* 481).

It may be conceded that all these authorities are to the effect that it is the duty of the jury to acquit unless the evidence excludes every rational hypothesis consistent with innocence, but it does not thence follow that it is the duty of the court to tell them so in any particular form of words; and it is, in our opinion, better not to do so in a form which carries with it an intimation from the court that circumstantial evidence is to be distrusted. Nor do these authorities contain an intimation that it is the duty of the court to give to the jury a rule by which they are to be governed in weighing the evidence.

But we have been referred to section 22 of Taylor on Evidence, where the author says: "The duty of a judge presiding at a trial by jury is threefold: first, he must decide all questions respecting the admissibility of evidence; secondly, *he must instruct the jury in the rules of law by which the evidence is to be weighed;* and lastly, he must explain to them and enforce those general principles of law that are applicable to the point at issue."

The author is an English lawyer of great ability, but he does not cite an authority in support of that clause of the foregoing quotation which we have placed in italics. We concede

that judges who charge the jury have most generally made some observations upon the nature of circumstantial evidence when such evidence was alone relied upon for conviction, and that they have generally put it in the common formula that unless the evidence excludes every rational hypothesis consistent with innocence they ought to acquit, but we have not been referred to *a single case in which it was held to be error to refuse so to charge or instruct.*

The quotation from Mr. Taylor does not apply alone to circumstantial evidence. When he used the language quoted he was discussing the duties of the judge presiding at the trial, and the rule he lays down, if sound, must be applied in all cases, without regard to the particular kind of evidence relied upon. We presume it will not be contended that such is the law here in cases in which the testimony is direct.

We have also been referred to Higgs v. Wilson (3 Met. 337) and Botts v. Williams (17 B. Mon. 696). These cases involved the correctness of instructions to the effect that the confessions or declarations of a party were the weakest and most unsatisfactory kind of evidence. In both cases the court held the instruction erroneous, and reversed the judgment, not indeed upon the ground that it was error to instruct in regard to the nature of the evidence, but because the instructions ignored the obvious distinction between the declarations or admissions of a party and the evidence by which they were attempted to be proved; and the court said in the former case that such admissions, when satisfactorily proved, constitute *convincing* testimony against the party making them. These cases are therefore not authority for saying that it is error to refuse instructions in regard to the nature or the weight of evidence.

But it is evident from the opinions in those cases that the court regarded it as clear that if an instruction had been given in such form as to notify the jury that evidence of declarations and admissions was the weakest and most unsatisfactory

kind of evidence, it would then have been proper, if not absolutely essential, in order to avoid error, to instruct that if declarations or admissions were satisfactorily proved they were evidence of a convincing character.

So in this case, if the court had told the jury that they should not convict upon circumstantial evidence alone, unless it was of such character and tendency as to exclude every rational theory consistent with innocence, it would have been bound to instruct that if enough had been proved against the prisoner to warrant a reasonable and just conclusion against him in the absence of explanation or contradiction, and the nature of the case was such as to admit of either, and he offered no evidence to explain or contradict the evidence against him, the tendency and weight of that evidence toward establishing his guilt was thereby increased.

The evidence showed that the appellant and the deceased met on Fifth Street just before the deceased was shot; that he there shot at the appellant, who ran down the street toward Limestone Street; the deceased and his wife then walked along in the same direction in which the appellant had run, and when they reached Limestone Street the deceased was shot in the back by some unseen person. The evidence also showed that a great many people were on the streets, though it does not appear that any other persons besides those introduced as witnesses saw the appellant after he was shot at by the deceased (which was about dusk) until about twelve o'clock that night, when he was found by policemen at a neighbor's house, with his clothes on, and apparently concealing himself. It was also proved that he said, when arrested, that he had intended to go down in the morning and surrender himself; but it did not appear that he had heard that he was charged with shooting the deceased; yet he failed to furnish any evidence as to his whereabouts between the time he was shot at by deceased and midnight, or to offer any explanation of the fact that he was

from home at so late an hour, or to show any reason why he should have said he intended to give himself up in the morning if he was not guilty of the alleged shooting.   If he ran on along Limestone Street it is hardly probable that he would have been unable to offer some evidence which would at least have tended to prove that he could not have been at the corner of Fifth and Limestone streets at the time the deceased was shot.   His absence from home and apparent concealment in his neighbor's house at midnight might have been explained; and if his remark to the officer that he intended to give himself up in the morning was induced, as was argued, by the fact that he knew he was accused, he could have proved the fact. His failure to offer any explanation of these matters might well have been considered by the jury as giving force to the circumstances proved against him.

"In drawing an inference or conclusion from facts proved, regard must always be had to the nature of the case and the facility that appears to be afforded either of explanation or contradiction.   No person is to be required to explain or contradict, until enough has been proved to warrant a reasonable and just conclusion against him, in the absence of contradiction; but when such proof has been given, and the nature of the case is such as to admit of explanation or contradiction, if the conclusion to which the evidence tends is untrue, and the accused offers no explanation or contradiction, human reason can not do otherwise than adopt the conclusion to which the proof tends."   (1 Phillips on Ev., 4th Am. ed. 156–7.)

If it was the duty of the court to give to the jury the rules of law by which the evidence was to be weighed, then it would have been as much its duty to give the substance of the foregoing quotation from Phillips as to instruct that they should not convict upon circumstantial evidence alone, unless it was of such character and tendency as to exclude every rational theory consistent with innocence; and the same is true in re-

gard to every attempt to induce the court to lay down rules in regard to the weight which ought to be given by the jury to evidence of any character. If the court is bound to instruct on one side of such questions, it is equally bound to instruct on the other.

If it must say that evidence of declarations or confessions is the weakest and most unsatisfactory kind of evidence, it must also say that such declarations and confessions, if satisfactorily proved, are the most convincing evidence. The value of a witness's testimony will be affected by his apparent intelligence and candor, by his manner and bearing before the jury, his opportunities for knowing the facts to which he testifies, his relation to the parties, and the like; and if the court is bound to give the jury the rules of law by which they are to weigh the evidence in one case, we see no sufficient reason upon which it can refuse to do so in any case.

Counsel also refer to the rule which requires the *corpus delicti* to be proved, and to those cases in which the court will direct an acquittal unless there are two witnesses to the fact, or one witness and corroborating circumstances, as sustaining their views.

In all these cases the court will direct an acquittal unless the kind and amount of evidence required by law is produced. This is done, not on the ground that the evidence heard is of such a quality as to demand unusual caution upon the part of the jury, but because the court sees as matter of law that there is a failure of evidence.

There is nothing in the opinion in this case at all inconsistent with the opinion in Holloway's case. In that case we held that instructions should have been given predicated upon a state of fact which the evidence tended to prove, and which, if existing, constituted a defense. Those facts this court thought might have been found by the jury to exist, and we said if they did exist Holloway was not guilty; but we made

no reference to the rules which ought to govern the jury in deciding whether they existed or not.

We think it will be found in practice, as we are satisfied it is in theory, most conducive to the due administration of justice, and most consonant with the right of trial by jury, to confine the instructions of the court as closely as possible to those facts which must be found by the jury in order to enable them to say that the prosecution or defense has been made out by proof, and to leave to counsel to argue before them all matters which are merely collateral or incidental.

In the case of Howard v. Coke (7 B. Mon. 659) this court had occasion to consider the subject of interference by the bench with the jury in the consideration of facts; and although that was a civil case, much of what was then said is applicable here.  If interference in a civil case was so much to be disapproved as was indicated in that case, how much more should it be avoided in a criminal prosecution, where, if the right once be conceded to exist, it may become so much more dangerous both to individuals and the general public.  The court, per Judge Simpson, said: "In civil cases the law is decided by the judge, the facts being left exclusively to the jury, unbiased by the influence of the court or any judicial suggestion.  The distinction between the province of the judge and the jury has not only been established in the circuit courts, but has indirectly been sanctioned by this court.  Any encroachment by the judge upon the province of the jury is regarded with jealous suspicion; not, it is true, by the jury themselves, who in doubtful cases would willingly receive an intimation from the court as to its opinion on the facts, but by the parties whose rights may be affected by such interference.  As a mere question of expediency, much may be argued on both sides.  In this aspect of the question, however, it is one for legislative and not judicial action."

Petition overruled.