### DAVID ADKINS v. COMMONWEALTH.

**Criminal Law—Evidence of Conversations.**

> The evidence of a witness who details all of a conversation which he can recollect, is admissible, and while the adversary is entitled to prove all of such conversation, his inability or failure to do so will not render the part given inadmissible.

**Murder—Manslaughter—Instruction.**

> Where one is on trial for murder by stabbing another and no witness saw the stabbing, it is not impossible that there may have been a re-encounter, and that something may have occurred which would reduce the grade of the crime from murder to manslaughter, and if there is any evidence tending to show this the accused has a right to have the jury instructed as to the law of manslaughter.

### APPEAL FROM KNOX CIRCUIT COURT.

June 11, 1877.

OPINION BY JUDGE COFER:

That the witness, Wyatt, could not remember all the conversation that occurred between the appellant and Fox, furnishes no sufficient reason for excluding that part he could recollect. The rule that when one part of a conversation is proved by one party the other has a right to have the whole of that particular conversation brought out, has no application to a case like this, in which the witness is unable to recollect all. The appellant had a right to give the residue of the conversation in evidence, but his misfortune was that he had no witness who could prove it.

Cooper, Reed and Bowling all spoke of declarations of the appellant respecting the deceased. He did not mention her name in the threat proved by Cooper, but she had been in conversation with Cooper at the mill, and appellant asked what she wanted, and in response to the answer of the witness he said some people wanted their throats cut, and that he was going to make a settlement with some of them, and when he did it would be a final settlement.

Reed said he and the appellant were talking of the deceased when the declaration sworn to by him was made. The same is true of Bowling. That Bowling was appellant's witness and made the statement on cross-examination after the commonwealth had closed its evidence made no difference. The commonwealth had closed its evidence and could not have introduced witnesses in chief, but the witness having been introduced by the defense it was no violation of the rules of practice to allow him to be interrogated in reference to threats of the appellant against the deceased.

But the court erred in refusing to instruct the jury in respect to the law of manslaughter. No witness saw the deceased stabbed, and therefore no one knows the circumstances immediately attending the homicide. It is not possible that there may have been a re-encounter between the deceased and the slayer, and it is therefore not impossible that something may have occurred which would reduce the grade of the crime from murder to manslaughter, or even have rendered the killing excusable self-defense. There was evidence offered by the commonwealth conducing to prove that the appellant's lip was bruised, and that fact seems to have been relied upon to prove that he killed the deceased. It was a circumstance proper to be considered by the jury. But they should have been left at liberty to construe it in his favor as well as to construe it against him. Whatever may be the true rule when there is no eye-witness of a homicide and no evidence at all of a re-encounter between the deceased and the slayer, there can, we think, be no doubt when there are evidences, however slight, of such a rencounter, the accused has a right to have the jury instructed as to the law of manslaughter and of self-defense.

The rule that, when the commonwealth has proved a homicide committed with a deadly weapon, the law presumes the perpetrator guilty of murder, is about exploded. The more humane and rational doctrine is that the jury shall be left to decide upon all the facts and circumstances whether a crime has been committed, and if so what its grade is. In all such cases either the court or the jury

must decide the question, whether there was malice in the perpetrator or not. Malice is to be found, like other facts, upon the evidence whether it be direct and positive, or only circumstantial. If the evidence be direct and positive no court ever thought of assuming that the act was done of malice, however conclusive the facts might appear to be. The rule is to leave the question of malice or no malice to the jury, and the practice of instructing the jury that the law presumes malice from proof of a homicide with a deadly weapon, is beginning to be doubted by some of the ablest and most learned lawyers of the age. This presumption was never regarded as conclusive or as binding the conscience of the jury, and hence to assume, when the circumstances attending a homicide with weapons are unknown, that it was murder, is to place the accused in such cases in a more unfavorable position than if the circumstances were proven to have been of the most aggravated character.

When the circumstances attending a homicide are unknown it may well be doubted whether the accused may not demand to have the jury instructed in the law of manslaughter and of self-defense, whether there is evidence conducing to show that there had been a re-encounter between the deceased and the slayer or not. But we are well satisfied that when there is any evidence, however slight, of a re-encounter, the jury should be left to decide whether the killing was murder, manslaughter or excusable self-defense.

The second instruction asked for the appellant was properly refused. *Brady v. Commonwealth,* 11 Bush 282. We incline to the opinion that every attempt to define a reasonable doubt is rather calculated to confuse than to enlighten the jury. And while we are not certain that the definition attempted in this case is not correct, we are by no means confident that it may not have misled the jury. It seems to this court that the better practice is to follow as nearly as practicable the language of the Criminal Code, which is certainly as intelligible and as easily comprehended as the definition given in this case. *Mickey v. Commonwealth,* 9 Bush 593.

Judgment *reversed* and cause remanded for further proper proceedings.

*John Smith, for appellant. T. E. Moss, for appellee.*