## No. 2455.

### BEN FULLER *v.* THE STATE.

THEFT—CIRCUMSTANTIAL EVIDENCE—CHARGE OF THE COURT.—See the statement of the case for evidence on a trial for horse theft, which, being wholly circumstantial, is *held* to have demanded from the trial court a charge upon the law applicable to circumstantial evidence.

APPEAL from the District Court of McLennan.   Tried below before W. M. Flournoy, Esq., Special Judge.

This conviction was for the theft of a mare, the property of August Dulock, in McLennan county, Texas, on the first day of November, 1877. A term of ten years in the penitentiary was the penalty assessed by the verdict.

August Dulock, the first witness for the State, testified that he lived in McLennan county, Texas, about eleven miles east of Waco. He owned two mares on or about the date alleged in the indictment. Their accustomed range was contiguous to the witness's farm. After using the animals all day on the day alleged in the indictment, he turned them upon their range. When he looked for them a day or two afterwards he failed to find them, but received information which led him to believe that the defendant had stolen them. Acting upon the information thus received, the witness went to Corsicana and found the animal mentioned in the indictment in the possession of the mayor of that city, who told him that he had bought the said animal from the defendant. Witness proved his property and received it from the mayor, Mr. Harrall, and he and Harrall went to the jail where defendant was confined, to see him. Mayor Harrall pointed the defendant out as the man who had sold him the ani-

mal, and witness recognized the defendant as Ben Fuller. Witness had known defendant for more than a year prior to the theft, during which time the defendant lived with his father near the witness's place. Witness did not consent for the defendant to take his mare.

John Harrall testified, for the State, that he bought the animal described in the indictment from the defendant, in 1877. Mr. Dulock afterwards proved his title to the animal and recovered it from the witness. The witness never saw the defendant prior to the purchase of the animal. He took Dulock to the jail and pointed the defendant out to Dulock, who identified him as Ben Fuller.

Green Sweat testified, for the State, that he knew the defendant. Mr. Dulock was mistaken as to the date of the theft of his mare, because, to the knowledge of witness, the defendant lived in east Texas in 1877. In 1876 he lived in San Saba, Texas. In November, 1876, Ben Fuller and another man were at the witness's tent in San Saba. On that occasion defendant told witness that he, defendant, would ride a good horse when he got to McLennan county. Witness asked him where he would get it. He replied that old man Dulock had two good ones. He left San Saba on the next day, saying that he was going to McLennan county. Witness went to McLennan county two or three days after Dulock missed his mare. Witness told his father what defendant said to him in San Saba about Dulock's horses, and his father put old man Dulock on the track of the animal.

The motion for new trial raised the question discussed in the opinion.

*Pearre & Boynton,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is founded wholly upon circumstantial evidence, and the trial judge omitted to instruct the jury in relation to that character of evidence. This is error for which the conviction must be set aside. (Counts v. The State, 19 Texas Ct. App., 450.) The Assistant Attorney General confesses this error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*