THE STATE OF KANSAS v. GEORGE HUNTER.

1. CIRCUMSTANTIAL EVIDENCE — *Sufficiency for Conviction* — *Review on Appeal.* A conviction may rest upon circumstantial testimony alone, but the facts and circumstances must be such as are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused. However, where such testimony fairly tends to show the guilt of the defendant, the weight of the same is for the jury; and where the jury has found, after being properly instructed, that the defendant is guilty, and the verdict has been approved by the trial court, it will not be disturbed because of the insufficiency of the evidence.

2. LARCENY—*Venue.* Where property is taken by larceny in one county and brought into another county, the offender may be prosecuted in either county.

### Appeal from Comanche District Court.

PROSECUTION for grand larceny; verdict of guilty, and judgment rendered thereon. Defendant, *Hunter,* appeals. The facts appear in the opinion.

*Ben E. Page,* and *E. Sample,* for appellant; *T. S. Brown,* of counsel:

There is no scintilla of evidence of the guilt of this defendant; not only do the circumstances not all concur to show that the prisoner committed the crime, but they are all consistent with some other rational conclusion. The taking, if any, was in Comanche county, and the accused could not be tried and convicted in that county of a crime committed and completed in Clark county. *The State v. Bunker,* 38 Kas. 737, 741.

*John N. Ives,* attorney general, and *W. J. Jackson,* county attorney, for The State:

It was certainly properly left with the jury to say whether or not all the circumstances proven concur to show that the accused committed the crime, and are inconsistent with any other rational conclusion. The sufficiency of the evidence is a question for the jury, not one of law. *Bridge Co. v. Murphy,* 13 Kas. 35; *Seip v. Patrie,* 19 id. 13; *Bellew v. Ahrburg,* 23 id. 287; *City of Cherokee v. Fox,* 34 id. 16.

Where the testimony offered by the state, when taken alone, is competent and sufficient to sustain the prosecution, a verdict which has been approved by the district court will not be set aside by the supreme court for insufficiency of evidence. *The State v. Smith,* 35 Kas. 618. See, also, Wills, Cir. Ev. 149; 1 Greenl. Ev. (14th ed.), § 13, note *a,* p. 22.

On an appeal in a criminal case, when the record shows that the verdict of the jury is supported by some evidence

and has received the approval of the trial judge, the supreme court will not set it aside. *The State v. McClain,* 49 Kas. 730 ; *The State v. Blakesley,* 43 id. 250.

Counsel for defendant say: "The taking, if any, was in Comanche county." In this we agree. We think the evidence clearly shows the cattle were stolen in Comanche county and taken into Clark county, where they were found, and the thief could be prosecuted in either county. Crim. Proc., § 26.

The opinion of the court was delivered by

JOHNSTON, J.: This is an appeal by George Hunter from a conviction for grand larceny. It was charged that in June, 1892, he stole 19 head of cattle, in the county of Comanche, which were of the value of $250, and, upon testimony that was mostly circumstantial, the jury found him to be guilty of the charge. There is no complaint of the rulings made on the trial, and no objection is taken to the instructions given to the jury. In fact, counsel for the defendant frankly say that the charge is "exceptionally correct," and "is a remarkably fair and lucid embodiment of the legal principles governing the case." The only objection urged is that the testimony is insufficient to sustain the conviction. An examination of the evidence, however, does not satisfy us that the verdict should be disturbed. Much is said about the testimony being circumstantial in character; but the *corpus delicti* of the gravest offenses may be established by circumstantial evidence. It is true, as claimed, that, to convict upon circumstantial evidence, it is not sufficient that the facts and circumstances create a probability that the defendant committed the offense charged, but they must be such "as are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused." The jury were so instructed by the trial court, and duly cautioned against finding a verdict of guilty unless the circumstances were consistent with each other and with the main fact to be proved. The weight of the testimony given to establish the circum-

stances is a question for the jury. There was conflicting testimony as to the circumstances in this case, and an attempt by the defendant to show that they were inconsistent with the guilt of the accused; but we think there was sufficient evidence to fairly take the case to the jury, and so much that we are not justified in overturning the verdict.

The theory of the state is, that the cattle were taken from their feeding ground by Hunter, driven some distance into a pasture, and held by him and his children in a ravine or hollow until they were discovered by the owners, and that he was in possession of them when they were found. There is testimony that when the cattle were missed a search was instituted, and a cattle trail discovered, which led from the feeding ground toward the pasture in which they were found; and from the tracks it appeared that the cattle were driven by some one on horseback. An opening had been made in the pasture fence, through which the cattle had been driven. Mrs. Rodman, a neighbor, testified that she saw Hunter drive a number of cattle about that time past her house and into the draw or hollow, where he and his children herded them for several days, and until about the time of his arrest. Her husband testified that at about the same time he saw Hunter and his boy herding a bunch of cattle in the pasture and in the vicinity of the draw or ravine. Mrs. Rodman also testified that after Hunter's arrest he called on her, and proposed to give her a cow if she would not give testimony against him. Two witnesses testified that they found the cattle in the draw back of the hill, and that when found Hunter was there on horseback, and when they came upon him he rode off in another direction. Testimony is also given of other minor circumstances which it is not necessary to repeat. He denied that he was in custody of or near the cattle when they were found, and he denied most of the other statements which would tend to show guilt. To meet the testimony of their witnesses, he gave explanations about driving other cattle into the ravine or in the vicinity of the same and holding them there at other times; but these denials and explanations were for the jury, who, upon proper

20 — 50 KAS.

instructions, have chosen to disbelieve him, and have found not only that the testimony offered by the state was true, but that the facts and circumstances were such as to be inconsistent with any other rational conclusion than that the prisoner was guilty of the charge.

It must be admitted that the verdict would be more satisfactory to us if the testimony had been more direct and positive; but it is not for us to weigh the evidence. There were a large number of witnesses who gave testimony, including the defendant, and hence the jury had a better opportunity for determining the truth than we have; and the testimony offered seems to have been sufficient to satisfy the understanding and consciences of the jury that the defendant was guilty. Under these circumstances the conviction must stand. (*City of Cherokee v. Fox*, 34 Kas. 16; *The State v. Smith*, 35 id. 618; *The State v. Blakesley*, 43 id. 250; *The State v. McLain*, 43 id. 439.)

Our attention is called to the fact that the taking, if any, was in Comanche county, where the conviction was had, while they were driven into and found in the county of Clark. It is said that the accused could not be convicted in Comanche county of a crime committed and completed in Clark county. There is testimony tending to show that the cattle were taken in Comanche county and driven to Clark county, but under § 26 of the criminal code the jurisdiction was in either county, and hence there is nothing substantial in that objection.

The judgment of the district court must be affirmed.

All the Justices concurring.