## SANTIAGO ARISMENDIS v. THE STATE.

### No. 2177.    Decided December 18, 1899.

**1.  Unlawfully Branding Cattle—Principals—Charge.**

On a trial for unlawfully branding cattle, where it appeared from the evidence that defendant caused the animals to .be branded by his brother-in-law, one C., and the court charged the jury that they were authorized .to convict if defendant branded or caused the said animals ʋo be branded; Held, the doctrine of principals should have been defined to the jury in conjunction with said charge.

**2.  Same—Bill of Sale—Charge.**

On a trial for unlawfully branding cattle, where defendant introduced a bill of sale to show his title, a charge of court singling out said bill of sale and instructing the jury that if the same was made by defendant as a sham or device to cover up the crime they should consider it with the other facts in the case, was defective in not instructing them in this connection that if, on the other hand, said bill was executed by defendant in good faith, to acquit him.

**3.  Circumstantial Evidence—Charge.**

Where a case is dependent solely upon circumstantial evidence, a charge of court is wholly defective which fails and omits to instruct upon the law appertaining to such evidence.

APPEAL from the District Court of Cameron.   Tried below before Hon. R. W. STAYTON, Special Judge.

Appeal from a conviction of unlawfully branding cattle; penalty, two years imprisonment in the penitentiary.

This is a companion case to Arismendis v. State, ante, p. 374, and the evidence will, substantially, be found set out in the opinion in that case.

No further statement necessary.

*John Bartlett*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully branding two certain oxen, not his own, without the consent of the owner, and with intent to defraud, and his punishment assessed at two years confinement in the penitentiary, and prosecutes this appeal. This is evidently a conviction of the same appellant who was convicted in a former case for the theft of the same oxen, and whose case has been reversed and remanded by this court, ante, p. —. No question of .former jeopardy, however, is made in this case, and we do not feel called on to decide that question.

Appellant insists that the court erred in charging the jury that they were authorized to convict him if he branded or caused said oxen to be branded, etc. In this connection counsel for appellant contend that the court should have instructed the jury with regard to who were principals in the offense, and how appellant could be guilty as a principal in causing said animals to be branded. Appellant introduced some testimony to the effect that he caused the oxen to be branded

by his brother-in-law, Cortez. Of course, if Cortez was an innocent agent (as he would appear to be from this testimony), and appellant was guilty of a fraud himself in giving the authority, he would be guilty as a principal. If Cortez branded the cattle, knowing that he was committing a fraud, and appellant was not present, but advised him to do it beforehand, he would be an accomplice. We agree with appellant, therefore, that the doctrine of principals should have been defined to the jury in conjunction with the charge complained of.

It is further contended that the court erred in that portion of the charge predicated on the bill of sale introduced in evidence by defendant; appellant insisting that the same is a charge upon the weight of testimony, and that, if the court was authorized to give such a charge at all, he should also have instructed the jury on the bill of sale as a defense to the charge of the State. An examination of the charge discloses that the court singled out this matter, and, in effect, charged against the defendant concerning the bill of sale; that is, he told the jury, if they believed that the bill of sale was not made by Benito Garza, but was made by defendant as a sham and device to cover up and avoid the crime, with the commission of which he was charged, to consider the same with the other facts in the case. The court nowhere tells the jury that if they believed, in regard to the bill of sale, that it was executed to appellant by Benito Garza in good faith, as far as appellant was concerned, to acquit him, unless it be conceived that the court had already previously instructed the jury concerning this matter in the charge on purchase. It is true, the court gave a charge in effect telling the jury to acquit defendant if he purchased the oxen from Benito Garza, or if they had a reasonable doubt on that subject to acquit him. But we do not think such a charge was calculated to directly call the attention of the jury to the bill of sale as defensive matter, especially when the court instructed the jury with regard to this bill of sale as a fraudulent device. Indeed, we very much doubt if the court was authorized to charge as he did on this bill of sale at all, against defendant; and, certainly, after giving such a charge as was given in this case, he should then have presented to the jury a charge on the bill of sale in favor of appellant. Article 887, Penal Code; article 4940, Rev. Stats.

There is another matter, not presented, however, in the assignments; but, in view of another trial, we would call attention of the lower court to the same. We do not find anywhere in the charge of the court an instruction on circumstantial evidence. It occurs to us that, so far as the State's theory was concerned, this was a case wholly dependent on circumstantial evidence, and that a charge on that subject should have been given. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.