THE STATE OF KANSAS v. A. N. ANDREWS.

No. 11,714. (61 Pac. 808.)

CIRCUMSTANTIAL EVIDENCE—*Instruction.* In a criminal prosecu-
tion, where the evidence of the defendant's guilt is partly circum-
stantial, it is error to refuse an instruction to the jury tendered
by the accused in the following language: "A few facts, or a mul-
titude of facts proved, all consistent with the supposition of guilt,
are not enough to warrant a verdict of guilty. In order to convict
on circumstantial evidence, not only the circumstances must all
concur to show that the defendant committed the crime, but they
must be inconsistent with any other rational conclusion."

Appeal from Ottawa district court; R. F. THOMPSON,
judge. Opinion filed July 7, 1900. Reversed.

*A. A. Godard,* attorney-general, and *F. D. Boyce,*
county attorney, for The State.

*R. R. Rees,* for appellant.

The opinion of the court was delivered by

SMITH, J. : The appellant was convicted of larceny
from a freight-car and sentenced therefor to a term in
the penitentiary. Omitting the formal parts, the in-
formation charged:

"That on the 19th day of November, 1898, in the
county of Ottawa, state of Kansas, one A. N. Andrews
did then and there unlawfully, feloniously take, steal
and carry away the following goods and chattels, to
wit: One sack of white sugar, of the value of $5; one
sack of brown sugar, of the value of $5; three boxes
of dried fruit, of the value of $5 each; one sack of
prunes, of the value of $5; one sack of green coffee, of
the value of $3.50; all of said goods and chattels then
and there being the property of the Atchison, Topeka
& Santa Fe Railway Company, a corporation, and
said goods and chattels then and there being in a cer-
tain freight-car belonging to said railway company

when so unlawfully, feloniously taken, stolen, and carried away."

The evidence against the appellant was, for a large part, circumstantial in character. The only testimony not of such nature was that of the sheriff, who, in a conversation with the accused after his arrest, said to the prisoner, "I am surprised that you would mix up in a deal of this kind," in answer to which the latter said that what he had done was for the benefit of his family. No one saw the appellant commit the larceny. There was testimony, however, that after being away from home most of the night he returned with two sacks of sugar, a sack of prunes, some coffee, two boxes of raisins, and a box of currants and oranges. This property corresponded in description with goods consigned for shipment contained in a car of the Atchison Topeka & Santa Fe Railway Company on which the seal was broken and from which the goods were missing.

The court refused the following instruction on behalf of the defendant below:

"A few facts, or a multitude of facts proved, all consistent with the supposition of guilt, are not enough to warrant a verdict of guilty. In order to convict on circumstantial evidence, not only the circumstances must all concur to show that the defendant committed the crime, but they must be inconsistent with any other rational conclusion."

In this there was error. Applied to circumstantial evidence, the language of said instruction has been approved in *Carl Horne v. The State of Kansas*, 1 Kan. 42, and in *The State v. Hunter*, 50 Kan. 302, 32 Pac. 37.

It is not determinable whether the conviction resulted from the force of the direct or the circumstantial evidence, or by the combined strength of both.

It was within the province of the jury to disregard the testimony of the sheriff and to base their verdict solely on the incriminating circumstances surrounding the accused. This being true, it was proper to furnish a guide to the jury to govern them in the consideration of the probative force of such circumstances as were shown, tending to establish the guilt of the defendant. (*The State v. Kornstett*, post, page 221, 61 Pac. 805.)

An objection was made to the information in that it failed to aver that the larceny was committed in a freight-car on a railway in this state. (Gen. Stat. 1897, ch. 100, § 84; Gen. Stat. 1899, § 2026.) It becomes immaterial, however, to consider this objection, for the reason that the information can be amended on another trial of the case.

The judgment of the court below will be reversed and a new trial ordered.