## STATE v. OVERSON.*

No. 1676. Decided January 4, 1906 (83 Pac. 557).

CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—INSTRUCTIONS—DUTY TO CHARGE.—Where, in a prosecution for cattle theft, defendant admitted that he had the cattle in his possession, and it was proved that the owners never sold or disposed of them, but that defendant drove them away and sold them to butchers, and he testified that he purchased the cattle from a stranger and made an attempt to flee from arrest, it was not error to refuse to charge specifically on circumstantial evidence; the court having charged that, if the jury believed beyond a reasonable doubt that defendant purchased the cattle, they should find him not guilty.

STRAUP, J., dissenting.

---

*Necessity of instructions as to circumstantial evidence. See note, 69 L. R. A. 193.

Appeal from District Court, Fifth District; John F. Chidester, Judge.

James Overson was convicted of grand larceny, and he appeals.

Affirmed.

*A. J. Weber* for appellant.

*M. A. Breeden,* Attorney General, for State.

### APPELLANT'S POINTS.

Circumstantial evidence is proof of a minor fact which, by indirection, logically and rationally demostrates the *factum probandum.* (*Beason v. State,* 67 S. W. 96, 43 Tex. Cr. R. 443; 2 Words and Phrases, 1163.)

When the main fact in issue is not directly attested by an eyewitness, but is proved as a matter of *inference* from the facts in evidence, the case rests wholly upon circumstantial evidence. (1 Green. Ev., secs. 13, 13a; Burrell, Circumstantial Evidence, 4, et seq.; *Eckert v. State,* 9 Tex. App. 105; *Guajardow v. State* ['Tex.], 7 S. W. 331; *Fuller v. State,* 7 S.W. 330; *Arismendis v. State* [Tex.], 54 S. W. 601; *York v. State* [Tex.], 61 S. W. 128; *Boyd v. State,* 6 S. W. 853.)

Possession alone is relied upon to prove inferentially the original fraudulent taking. This being true, the court should have charged on the law of circumstantial evidence. For a full discussion of this question, see *York v. State,* 61 S. W. 128; *Gentry v. State,* 56 S. W. 69; *Hanks v. State,* Id. 922; *Arismendis v. State,* 6 S. W. 600; *Taylor v. State,* 11 S. W. 462; *Crowell v. State,* 6 S. W. 318; *State v. Andrews,* 61 Pac. 808; *State v. Hunter,* 50 Kas. 302, 32 Pac. 37; *Horne v. State,* 1 Kas. 47; *State v. Kronstett,* 61 Pac. 805.

The court erred in refusing to instruct the jury upon the subject of recent possession of stolen property, and committed error in refusing to charge the jury as requested by defendant. (Hughes on Instructions, par. 728, and cases cited. *Boyd v. State,* 6 S. W. 855.

The omission to charge on circumstantial evidence is not cured by instructing upon the subject of reasonable doubt. (*Hunt v. State,* 7 Tex. App. 235; *Struckman v. State,* Ib. 581; *Hamilton v. State,* 96 Ga. 301.)

RESPONDENT'S POINTS.

The presumption of guilt growing out of the recent possession of stolen property is a presumption of law and, in the absence of other rebutting evidence must be met by proof on the part of the accused, explaining this possession, in a manner consistent with his innocence, or it will become conclusive against him. It is not a mere presumption of fact to be weighed with other evidence in the case. (*State v. Kelly,* 73 Mo. 608; *Unger v. State,* 42 Miss. 642; *Strong v. State,* 63 Neb. 440; *Smith v. People,* 103 Ill. 82; *Keating v. People,* 160 Ill. 480; *Goldslein v. People,* 82 N. Y. 231; *State v. Kelly,* 57 Ia. 644; *People v. Walters,* 76 Mich. 195.)

BARTCH, C. J.

The defendant was prosecuted for and convicted of grand larceny. Upon being sentenced to a term of imprisonment in the penitentiary, he appealed to this court, and has assigned various errors.

It appears from the information that he was charged with having stolen two heifers on July 16, 1904. The evidence shows that one of the heifers was the property of Charles A. Memmott and the other of Samuel Memmott, and that no disposition of them was ever made or authorized by the owners. On July 17, 1904, the defendant, assisted by another man, drove the heifers with other cattle to Eureka, and on the next day sold them to butchers. The hides of the stolen cattle were produced in court, at the trial, and identified by the owners. The defendant testified that, on July 12, 1904, he purchased the heifers of a stranger; and Charles A. Memmott testified that he last saw one of them between July 12 and 14, 1904. There is also testimony tending to show that the defendant attempted to flee from arrest, and that, after his arrest, he admitted that he made such attempt. Counsel for the appellant does not claim that the evidence is insufficient to sustain the conviction, but insists that there is no

direct proof of a felonious taking and appropriation of the property; that there is simply proof of circumstances tending to show such a taking and appropriation; and that, therefore, the court erred in refusing to instruct the jury specifically upon circumstantial evidence.

This is the appellant's principal contention, and we are of the opinion that under the facts and circumstances in evidence, it is not well founded. It is doubtless true that, in a criminal case, where a conviction is sought alone upon proof of circumstances, it becomes the duty of the court to instruct the jury upon the question of circumstantial evidence, and that a refusal to do so may constitute reversible error. And this is true, as to many cases, even where there is some direct evidence, but where the prosecution relies upon circumstances for a conviction. In all such cases the court should charge the jury as to the law applicable to the circumstances in evidence, but no particular form of words is necessary. If the law is applied to the facts and circumstances shown by the proof, in language intelligible to the jury, it is sufficient. The case at bar is not such a one as to render an instruction upon the question of circumstantial evidence, in the usual form, or in the form requested by the appellant, indispensable. Here the defendant admits that he had the property, the subject of the larceny, in his possession, and that he came into possession of it on a certain day, while the proof shows that the owners never sold or disposed of it, and that the defendant drove the heifers away and sold them to butchers. Then, in explanation of his possession and appropriation of the stolen property, the defendant testified that he purchased it of a stranger. This raised the decisive question in the case, for, if in fact he had purchased the property in good faith, his taking and possession would not have been felonious. His evidence of purchase tended to negative any intent to steal, and constituted an important and controlling circumstance. This was specifically submitted to the jury, as follows: "Gentlemen of the jury, there is some evidence in this case that tends to show that the defendant, James Overson, bought the two heifers referred to by the witnesses in this case, the same being the two heifers that were sold by the defendant at Eureka in July, 1904, of a man by the name of Jackson. You are therefore instructed that, if you believe, or have a reasonable

doubt as to whether or not the defendant bought the said heifers of Jackson, then, and in that event, you should find the defendant not guilty." The question of purchase was thus submitted to the jury in plain language, and the court had previously in its charge pointed out to them the material allegations in the information, and had charged them that, if the state had failed "to prove any one or more of the material allegations" to their "satisfaction beyond a reasonable doubt," they must acquit the defendant. The court also charged the jury as to the presumption of innocence, and upon the question of reasonable doubt. In fact the charge appears to cover every material element in the case, and is as favorable to the prisoner as he had a right to request. The charge as a whole submitted the case plainly and fairly to the jury; and therefore the mere fact that the court refused to charge upon the question of circumstantial evidence, in the manner or form requested by the defense, cannot, under the facts and circumstances shown by the record avail the prisoner upon appeal; his rights not appearing to have been prejudiced by the court's refusal. The duty of the court in this regard was performed by instructing the jury upon the law applicable to this particular case in plain and intelligible language. Other courts, in similar cases, have ruled likewise. (*Brady v. Commonwealth,* 74 Ky. 282; *Solander v. People,* 2 Colo. 48; *Jones v. State,* 61 Ark. 88, 32 S. W. 81; *State v. Seymour,* 94 Iowa 699, 63 N. W. 661.)

There are other assignments of error, but, upon careful examination, we are of the opinion that none of them are well taken, and that separate discussion of them is not important.

We find no reversible error in the record.

The judgment is affirmed.

McCARTY, J., concurs.

STRAUP, J. (dissenting).

It is admitted that there is no direct evidence of taking by the defendant. To establish a felonious taking by him the prosecution depended entirely upon circumstances — recent possession, an unsatisfactory explanation, and an attempted flight. Though requested so to do, the court declined to charge on the subject of circumstantial evidence. The pre-

vailing opinion concedes that the court should do so, when circumstances are relied upon for a conviction; but it is said it was here rendered unnecessary because of the defendant's admitting possession of the alleged property by his claim that he purchased it from Jackson, and therefore the decisive question in the case was whether the defendant purchased the property in good faith. The point of inquiry is not as to sufficiency of evidence to convict, but as to whether the trial court should have charged the jury on the subject or law of circumstantial evidence. The decisive question in the case was not whether the defendant purchased the cattle as claimed by him, but whether he feloniously stole, took, and drove them away. Though the jury may have believed, as they evidently did, that the defendant's explanation of purchase was untrue or unsatisfactory, still, to convict him, they were required to find him guilty of a felonious taking. The defendant's recent possession of the property, his untruthful or unsatisfactory explanation thereof, are but circumstances from which may inferred the felonious taking by him. They may be sufficient to convict him of the larceny, but to be so the jury must not only find the truth of the circumstances, but also that they established the felonious taking by defendant beyond a reasonable doubt.

Before it can be said that circumstances prove anything, they must agree with and support the hypothesis which they are adduced to prove; and in a criminal case they must not only concur to show the defendant's guilt but they must be inconsistent with any other reasonable conclusion; they must not only be consistent with and point to his guilt, but they must be inconsistent with his innocence. When a conviction is dependent upon circumstantial evidence, it is important that the jury should properly be guided on the principles or rules applicable to this character of evidence, or, as it is sometimes called, the law of circumstantial evidence; and in most jurisdictions it is held that it is the duty of the court to charge thereon when requested so to do. Such has been the holding of this court. (*People v. Scott,* 10 Utah 217, 37 Pac. 335; *York v. State* (Tex. Cr. App.), 61 S. W. 128; *Arismendis v. State* (Tex. Cr. App.), 54 S. W. 601; *Wallace v. State,* (Tex. Cr. App.), 66 S. W. 1102; *State v. Andrews* (Kan. Sup.), 61 Pac. 808; *State v. Hunter,* 50 Kan. 302, 32 Pac. 37; *People v. Murray,* 72 Mich. 10, 40 N. W. 29; *Fuller v.*

*State* (Tex. App.), 7 S. W. 330; *Boyd v. State* (Tex. App.), 6 S. W. 854.)

In *Wallace v. State,* supra, it was said:

"Possession alone is relied upon to prove inferentially the original fraudulent taking. This being true, the court should have charged on the law of circumstantial evidence."

In *York v. State,* supra:

"Where the original taking is to be inferred from the fact of subsequent possession of alleged stolen property, it is a case of circumstantial evidence. Appellant excepted to the failure of the court to give this in charge to the jury. This error alone demands a reversal of the judgment."

In *Fuller v. State,* supra:

"This conviction is founded wholly upon circumstantial evidence, and the trial judge omitted to instruct the jury in relation to that character of evidence. This is error for which the conviction must be set aside."

In *State v. Andrews,* supra, it was held error for which the judgment was reversed to refuse the following request:

"In order to convict on circumstantial evidence, not only the circumstances must all concur to show that the defendant committed the crime, but they must be inconsistent with any other rational conclusion."

Here one of the requests was in the language of that in *State v. Andrews.* Another embodied that feature, as well as the one that the jury, to convict the defendant on circumstantial evidence, must not only find the truth of the circumstances, but also that they, when alone relied upon for a conviction, must establish the guilt of the defendant beyond a reasonable doubt. The requests were in accordance with the law as announced in *People v. Scott,* supra, and in *State v. Hayes,* 14 Utah 118, 46 Pac. 752. In the cited case from the Kentucky court it is held that the court should not at all charge on circumstantial evidence, because to do so is charging on the weight of a particular species of evidence. That holding is not in harmony with the prevailing opinion, nor with the holding of the prior decisions of this court, nor with

many courts of other jurisdictions. The cited cases from Arkansas and Iowa are cases where the court in substance charged, as was requested, on the question of circumstantial evidence. Here the court did not in substance or at all charge on the subject but, wholly refused to do so. It will not suffice to say such an instruction was rendered unnecessary because of the defendant's explanation or attempted account of his possession. By so doing he did not admit a felonious or otherwise wrongful taking, or any taking from the alleged owner. Notwithstanding such explanation, the felonious taking still rested upon the inference to be drawn from the circumstances of possession as explained. By reason of the explanation, the character of circumstantial evidence was not converted into that of direct evidence. Nor can it be said, because the court charged if the jury had a reasonable doubt as to the fact of the defendant's purchase they should acquit him, such was charging them as to the character or law of circumstantial evidence. At most it was merely charging as to that particular circumstance, but not as to the principles of circumstantial evidence. As to the rules applicable to this character of evidence, the jury was left unaided. Nor was the error occasioned by this omission cured by charging on the reasonable doubt, presumption of innocence, alibi, the essential ingredients of larceny, and the like. Instructing on these matters was not in substance instructing the jury with respect to the rules applicable to the principles or character of circumstantial evidence. The court having failed to so instruct the jury, they may have fallen into the error that the question of the defendant's purchase was decisive of the case; that is to say, if he purchased the cattle, he was innocent, if he did not, he was guilty. This well illustrates the rule that to convict on circumstantial evidence the circumstances must not only be found to be true, but that they must also establish the guilt of the accused beyond a reasonable doubt. Applying it here, the jury was not only required to find that the defendant did not purchase the cattle, but also that such circumstance (together with all other circumstances in the case) establish beyond a reasonable doubt the felonious taking by the defendant.

What this court said in *People v. Scott,* supra, in speaking of circumstantial evidence, equally well applies here::

"A jury of inexperienced laymen could hardly be expected to apply the rules applicable to this class of testimony without some assistance from the court."

The unlearned, and even sometimes the learned, are prone to draw inferences from presumptions, and, generally if not warned, will most likely draw a certain conclusion from facts and circumstances if they but agree with and support the hypothesis which they are adduced to prove, without also taking into consideration whether any other conclusion can reasonably be drawn therefrom. In a criminal case the jury should therefore, in effect, be told that the chain of circumstances must be complete and unbroken; that the circumstances must be plainly and certainly proved; that they must not only be consistent with the hypothesis of guilt, but that they must also be inconsistent with the hypothesis of innocence; or, as it is sometimes expressed, every fact or circumstance from which an inference of guilt is drawn must be not only consistent with the hypothesis of guilt, but must also be inconsistent with the hypothesis of innocence.

Unless so warned there is danger, as expressed by Mr. Colby (2 Colby, Crim. L. 175),

"Of incorrect inferences and illogical conclusions from jurors not accustomed to close habits of reasoning, where the processes of inference and deduction are exercised, either upon several circumstances or even a single one, remote from the main fact sought to be established."

The defendant also requested a charge to the effect that he could not be convicted of larceny, if the jury believed him guilty only of having received stolen property. The court not only refused the request, but wholly failed to charge on the subject. There was evidence in the case to which such a charge was applicable. It is readily conceivable that among the inferences drawn or claims made, there might be the one that Jackson committed the larceny. The defendant having accounted for his possession through a purchase from him, in the absence of instructions, the jury may have believed, though the defendant had no connection with or complicity in the taking, that he, having received the property knowing it to have been stolen and accepting the fruits of the fraudulent taking, was therefore equally guilty with Jackson of larceny. It was therefore the duty of the court to point out to the jury the distinction between the crime of larceny and that

of receiving stolen property; for, in the language of the court in *Boyd v. State,* supra:

"Without a very clear and positive understanding of this principle of law, it is manifest that an ordinary jury would be misled as to the character and weight to be attached to the subsequent inculpatory acts of the defendant, though not connected with the original taking."

For these reasons I think the conviction should be set aside and a new trial granted.