THE INDEPENDENT SCHOOL DISTRICT v. HOBSON, Clerk, *et al.*

Schools: CONTESTED TERRITORY: ESTOPPEL. *Semble* that where a district township has exercised jurisdiction over certain sections claimed by another district, by collecting taxes therefrom and providing schools for the children resident thereon for several years, during a portion of which time the other district has refused admission to its schools for scholars residing on the sections thus in dispute, and has made no claim thereto, the latter district will be estopped from afterward asserting its claim to the disputed territory.

*Appeal from Fayette District Court.*

THURSDAY, JULY 23.

MANDAMUS to require defendant to correct the tax-books as to property in sections two, three and four, in township ninety-four, north of range seven west, and certify the same to the treasurer of Fayette county. The plaint-

iff claims that said sections are within its territory.  The district township of Pleasant Valley in said county, asked to be made a party defendant, and was permitted to defend.  In its answer it claims the same territory as part of its school district.  The defendant Hobson, Clerk, etc., denies plaintiff's right to the sections claimed, and avers that by the records of his office, said sections belong to the district township of Pleasant Valley.

The District Court refused the peremptory mandamus, and dismissed the plaintiff's action.

The plaintiff appeals.

*Ainsworth & Millar* for the appellant.

*McClintock & Rickel* for the appellees.

COLE, J. — This is a controversy between the Independent school district of Clermont on the one hand, and the district township of Pleasant Valley on the other, for the taxes levied for school purposes, in sections two, three and four, in township ninety-four, north of range seven west, in Fayette county.  The Independent school district of Clermont lies wholly in township ninety-five, range seven, unless it has the right to the sections in controversy; while the district township of Pleasant Valley embraces all of township ninety-four, range seven, if it is entitled to the sections in controversy.

The evidence tends to show that the sections in controversy in 1850, while Fayette county was a part of Clayton, and perhaps down as late as 1858, were embraced in the school district, to the rights of which the plaintiff has succeeded.  But it is very clear that the district township of Pleasant Valley has exercised jurisdiction over the said sections, by collecting taxes therefrom, and providing schools for the children resident thereon, for six or

eight years last past; and that during portions of said time, the plaintiff has refused admission to its schools for scholars resident there, and has made no claim to said sections as part of its territory during said time, and up to the commencement of this suit. The proof is conflicting, and to our minds quite unsatisfactory. The judgment of the District Court finds quite as much support in the testimony as does the contrary view, and it is in accord with our sense of justice in the case, and the demands of public policy, as well as the spirit of the school law; and is therefore

Affirmed.