## The State v. Brady.

1. **Criminal law:** CIRCUMSTANTIAL EVIDENCE: INSTRUCTION. In a prosecution for larceny the court instructed the jury that the evidence to establish the facts necessary to convict the defendant might be direct or circumstantial, or partly direct and partly circumstantial; direct, as by persons who saw the act; or circumstantial, as by evidence of facts, from which the jury might fairly presume the guilt of defendant. *Held,* that the instruction was not erroneous.

2. ——— LARCENY: POSSESSION OF STOLEN PROPERTY. Where a large portion of stolen goods were found soon after the theft in defendant's house, which was of a disreputable character, and at which disreputable persons visited, and a part of the goods were found in a bed-room occupied by the defendant, this possession, together with some other circumstances tending to show defendant's participation in the commission of the offense, were held sufficient to warrant his conviction.

*Appeal from Scott District Court.*

FRIDAY, APRIL 23.

LARCENY: GUILTY: POSSESSION.— The appellant, Brady, was jointly indicted with one Mollie Gardner and one Lewis, charged with stealing, in the night time, certain goods from a store in Le Claire, in Scott county. Brady and Mollie Gardner were arrested, tried and convicted. Brady insists that the judgment of conviction should be reversed for the reasons mentioned in the opinion of the court.

*Martin & Murphy* for the appellant (Brady).

*Henry O'Connor*, Att'y·Gen'l, for the State.

DILLON, Ch. J. — The court, upon examination of the evidence, are of opinion that it supports the verdict of

The State v. Brady.

1. CRIMINAL
LAW: cir-
cumstantial
evidence: in-
struction.
guilty, and consequently that there was no error in the action of the court in denying a new trial upon this ground. The appellant assigns as error the giving of the third instruction. The court, after having enumerated the essential ingredients of the offense with which the defendants were charged, and after mentioning that the burden was on the State to establish the truth of the charge beyond any reasonable doubt, stated to the jury in the third paragraph of its charge, that " the evidence to establish the facts necessary to convict the defendants may be direct or circumstantial, or partly direct and partly circumstantial; direct, as by persons who saw the act; or circumstantial, as by evidence of facts from which you may fairly presume the guilt of the defendants."

That there was no error in this statement of the law is so obvious as not to justify any extended observations concerning it.

We proceed to the other and main point made by the

2. —— larceny:
possession of
stolen property.
appellant, and that is, that the court erred in its instructions to the jury respecting the effect of finding the stolen property in his possession.

The store of the prosecutors was burglariously entered on Thursday night and a large quantity of dry goods were stolen, and a safe therein was broken open by means of powder, and watches and jewelry contained in it were also taken.

On the subsequent Tuesday a large portion of these goods, and some of the watches and jewelry, were found in the house of appellant, in Rock Island, about eighteen miles distant from Le Claire. The evidence tends to show that the house was not of good repute, and that the appellant, his wife, and Mollie Gardner, were persons of bad moral character. Part of the goods were found in the bed-room occupied by the appellant, and at a time

when he was in the actual and sole occupation of the room.

The court instructed the jury, that " if the evidence shows that the property was stolen, as alleged in the indictment, and that, within a short time after the theft, the same was found in the possession of the defendant, then, unless the defendants have satisfactorily accounted for such possession, the law will presume that the defendant stole the same; and such possession, entirely unexplained, will authorize an inference of guilt. But if such possession has been explained, or is entirely unconnected with any other circumstance indicative of guilt, and there is no other evidence of the guilt of the defendants, they should be acquitted. The circumstance of possession standing alone, wholly unconnected with any other circumstance, affords a presumption which is easily overcome; but, if connected with other circumstances indicative of guilt, its persuasive power becomes strong."

There were circumstances, other than the bare possession of the stolen property, which tended to show the appellant's participation in the commission of the offense. The general correctness of the above directions of the court to the jury is not controverted by the appellant's counsel; but he insists that the rule laid down by the court did not apply, because the possession of the stolen property by the appellant was not *exclusive.*

But when we remember that it was found not only in the house of the appellant, but a large portion of it in his bed-room, he, and he alone, being in the room at the time — the groundlessness of the objection urged against the charge of the court becomes too manifest to require discussion.

The other objection to the court's instruction is not tenable since the instruction in this respect simply con-

sisted in stating the modification of the common law made by section 4668 of the revision.

The evidence offered by the defendant was impeached, and that adduced by the State was sufficient to authorize the court to direct the jury that if the defendant aided and abetted in the commission of the larceny, though he did not directly do the act, he would, under the statute, be a principal, and equally guilty with the actual perpetrators.