THE STATE v. WILLIAM SWARENS, Appellant.

In Banc, May 22, 1922.

1. **LARCENY:** Recent Possession of Stolen Goods: Presumptions: Instructions.  In a prosecution for grand larceny, it was error for the trial court to give an instruction to the jury to the effect that if they found that the property was stolen and that recently thereafter it was found in the exclusive possession of the defendant then he was presumed to be the thief and the burden was on him to overcome such presumption, and, unless such possession was satisfactorily accounted for in a manner consistent with the innocence of defendant by evidence in the case or the circumstances attending such possession, or by the habits and manner of life of

defendant, or unless such presumption was rebutted by evidence showing the good character of defendant or by evidence that he was at some other place when said property was stolen or by the weight of all the evidence, they should find defendant guilty as charged in the information, inasmuch as such recent possession of stolen property, even if not satisfactorily explained, was only a circumstance to be taken into consideration and weighed by the jury, together with all the other facts and circumstances in evidence, in determining defendant's guilt or innocence, and hence did not create a presumption of law, as announced in said instruction, but merely gave rise to an inference of fact which the jury might draw. In addition thereto, said instruction erroneously shifted the burden of proof upon the defendant in violation of the rule of law that, in a criminal case where the general issue is pleaded, the burden always rests upon the State to prove the guilt of the defendant beyond a reasonable doubt and was also erroneous as a comment on the evidence. [State v. Kelly, 73 Mo. 608, overruled; WALKER, J., dissenting *in toto*.]

2. ————: ————: Circumstantial Evidence: Instructing on Whole Case. In this case it was error for the trial court not to instruct the jury upon circumstantial evidence, since it was required by Section 4025, Revised Statutes 1919, whether requested or not, to instruct the jury upon all questions of law arising in the case which were necessary for their information in giving their verdict and the evidence was circumstantial in that there was no direct evidence of defendant's having stolen the property, although it was found in his possession and he gave an explanation of how it came into his possession but denied taking it from its owner and denied knowledge of its ownership. [WALKER, J., dissenting *in toto*.]

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

REVERSED AND REMANDED.

*Howell H. Heck* and *Charles E. Gilbert* for appellant.

(1) Where the prosecution relies solely on circumstantial evidence to convict, an instruction defining it should be given. State v. Emmons, 225 S. W. 895; State v. Stegner, 276 Mo. 440; State v. Massey, 274 Mo. 588; State v. Nerzinger, 220 Mo. 47; State v. Smith, 190 S. W.

288; State v. Bobbitt, 215 Mo. 43; State v. Donnelly, 130 Mo. 642; State v. Fairlamb, 121 Mo. 137; State v. Robinson, 117 Mo. 663; 8 R. C. L. p 180, sec. 172. (2) The trial court must give all necessary instructions, whether asked or not, and it is error to fail to instruct on circumstantial evidence when a conviction is sought on such evidence. Sec. 4025, R. S. 1919; State v. Gaultney, 242 Mo. 391; State v. Lackey, 230 Mo. 707. (3) The court should not deprive the jury of the right to deduce from the facts proved the conclusion that the crime committed, if any, is of a lower grade than that charged in the information. State v. Wienhardt, 253 Mo. 636; State v. Hoag, 232 Mo. 316; State v. Banks, 73 Mo. 597; State v. Branstetter, 65 Mo. 155; Carter v. Comm., 5 Ky. Op. 776; 16 C. J. 946. (4) If the relevancy of testimony is not apparent it should not be admitted on the promise of the prosecution to make it relevant. State v. Clayton, 100 Mo. 520; State v. Thomas, 99 Mo. 235; State v. Rothschild, 68 Mo. 52. (5) The court did not instruct on good character. Sec. 4025, R. S. 1919. (6) Manifestations of impatience by the court at the request of counsel are not only in bad taste, but may also constitute error. State v. Teeter, 239 Mo. 483; State v. Duestrow, 137 Mo. 87; State v. Musick, 101 Mo. 273. (7.) Where circumstantial evidence alone is relied upon an instruction defining it should be given. State v. Maggard, 250 Mo. 335; State v. Douglas, 258 Mo. 294; State v. O'Brien, 265 Mo. 612; State v. Lewkowitz, 265 Mo. 636. (8) The trial court should not deprive the jury of the right to deduce from the facts proved the conclusion that the crime committed, if any, is of a lower grade than that charged in the information. State v. Wienhardt, 253 Mo. 636; State v. Hoag, 232 Mo. 316; State v. Banks, 73 Mo. 597; 16 C. J. 946.

*Jesse W. Barrett*, Attorney-General, and *Albert Miller* and *R. W. Otto*, Assistant Attorneys-General, for respondent.

The trial court did not err in refusing an instruction on circumstantial evidence. (a) When an appellant testifies and admits the possession of stolen property but claims that his possession thereof was obtained in such manner as not to constitute theft, the case is not one of circumstantial evidence. Willard v. State, 26 Tex. App. 126; Worsham v. State, 56 Tex. Crim. 253; State v. Overson, 30 Utah, 22; Everett v. State, 15 Ga. App. 390; State v. Francis, 58 Mont. 659; Reddick v. State, 11 Ga. App. 150; Jourdan v. State, 9 Ga. 578; Love v. State, 9 Ga App. 874; 17 R. C. L. p. 79, sec. 85. (b) It is only when a conviction is sought on circumstantial evidence alone, that it is necessary to give an instruction on the weight of circumstantial evidence. State v. Hubbard, 223 Mo. 84; State v. Nerzinger, 220 Mo. 47; State v. Bobbitt, 215 Mo. 43; State v. Crone, 209 Mo. 331; State v. Massey, 274 Mo. 588; State v. Stegner, 276 Mo. 440; State v. Emmons, 225 S. W. 895; State v. Baird, 231 S. W. 626; State v. Steinkraus, 244 Mo. 152. (c) The presumption of guilt growing out of the recent possession of stolen property is a presumption of law and, in the absence of other rebutting evidence, must be met by proof on the part of the accused, explaining this possession, in a manner consistent with his innocence, or it will become conclusive against him. It is not a mere presumption of fact to be weighed with other evidence in the case. State v. Kelly, 73 Mo. 608; State v. Jenkins, 213 S. W. 799; State v. Weiss, 219 S. W. 370 et seq.; State v. Court, 225 Mo. 614 et seq.; State v. Wright, 199 Mo. 166; State v. Walker, 194 Mo. 263. (d) Defendant, having failed to ask any specific instruction relating to circumstantial evidence, and having failed to request the court to instruct on that subject; and having failed to except to the failure of the trial court to so instruct on circumstantial evidence is in no position to complain of the non-action of the court in respect to its failure to instruct on circumstantial evidence. State v. Lee, 231 S. W. 621; State v. Rowe, 271 Mo. 88; State v. Selleck, 199 S. W. 129; State v.

Pfeifer, 267 Mo. 29; State v. Wansong, 271 Mo. 58; State v. Smith, 190 S. W. 288.

HIGBEE, J.—The defendant was convicted of grand larceny and sentenced for two years' imprisonment in the penitentiary, and appealed. The charge is that he stole a tarpaulin, of the value of fifty dollars, the property of J. C. Williamson.

Williamson testified that he lived in Vernon County, near the north line of the county; that he used the tarpaulin in the year 1919, put it in his machine shed on January 15, 1920, and on January 28, it was gone; that it had a mouse hole in it; two or three holes in it at the time of the trial; that defendant lived across the line in Bates County; that he saw him on witness's premises several times trapping and hunting; that he was told on February 22, 1920, that the tarpaulin was in defendant's house; sued out a search warrant and found it there on that day; that it was reasonably worth $50 at the time it was stolen. When the constable read the warrant to the defendant, Swarens said, "I have something of that kind here. I don't know whose it is." He further said he had found it on his place ten or twelve days before that.

The defendant testified that about February 12, 1920, he went to the south part of his farm to get a load of fodder and found the tarpaulin behind a bunch of brush in the corner of his pasture, it having been thrown over the fence ten to twenty feet; that he put it in his wagon, took it home and put it in the front room to take care of it and keep it safe from mice; that he was taken sick the next day and was confined to the house about ten days; that his family was also taken sick, and that he had no telephone in the house. Two of his neighbors called on him on Sunday, February 22. They saw the tarpaulin, but nothing was said about it. They had heard that Williamson had lost his tarpaulin and reported they had seen it in defendant's house, and no time was lost in procuring the warrant.

The defendant denied taking the tarpaulin from Williamson's shed and denied knowing it belonged to him.

The court, in an instruction not numbered, instructed the jury, in substance, that if they found the defendant feloniously took, stole and carried away the tarpaulin from the possession of Williamson, with intent, etc., that it was his property and of the value of $30 or more, then they should find the defendant guilty of grand larceny and assess his punishment at, etc.

By Instruction 1 they were told that if they found the tarpaulin was the property of Williamson and that it was stolen in Vernon County on or about the —— day of January, 1920, and that recently *after it was stolen* it was found in the exclusive possession of the defendant, then he is presumed to be the thief, and the burden is on him to overcome such presumption, and unless such possession is satisfactorily accounted for in a manner consistent with the innocence of the defendant by evidence in the case or the circumstances attending such possession, or by the habits and manner of life of the defendant, or unless such presumption is rebutted by evidence showing the good character of the defendant or by evidence that he was at some other place *when said property was stolen,* or by the weight of all the evidence, they should find the defendant guilty as charged in the information.

I. Instruction 1, in the use of the words we have italicized, assumes that the property was stolen. A finding that the tarpaulin was stolen was necessary to conviction, for it is possession of stolen property that raises the presumption of guilt. [State v. Sasseen, 75 Mo. App. 197, 203; 25 Cyc. 132.]

Assumption of Disputed Fact.

II. This instruction reads, in part: "or unless such presumption is rebutted by evidence showing the good character of the defendant or by evidence that he was at some other place when said property was stolen, *or by*

*the weight of all the evidence,"* etc.  The w rds we have
italicized put an undue burden on the .

**Placing Undue Burden Upon Defendant.** fendant.  Where there is no evidence of
the defendant's good character, the rule in
this State is that the defendant's explana-
tion of his possession should be such as reasonably to
satisfy the jury that it was innocently or honestly ac-
quired.  [State v. Moore, 101 Mo. 316, 330.]  The gen-
eral rule elsewhere is that the presumption is removed
if the explanation leaves the matter in doubt.  "In other
words, when such a reasonable explanation of the posses-
sion is given, the prosecution must establish the falsity
of it beyond a reasonable doubt."  [25 Cyc. 137.]

III.  Another vice in this instruction is that it pur-
ports to cover the whole case and authorizes a conviction
of grand larceny without a finding that the tarpaulin was
of the value of thirty dollars or more.  That was an issue
in the case.  The two instructions are there-

**Conflicting Instructions.** fore in conflict, and the jury would not know
which to adopt as their guide in arriving at
their verdict.  [State v. Herrell, 97 Mo. 105, 110; Wojty-
lak v. K. & T. Coal Co., 188 Mo. 260, 282; Rissmiller v.
Ry. Co., 187 S. W. 573; State v. Harris, 232 Mo. 317,
321; Hall v. Coal & Coke Co., 260 Mo. 351, 369; John-
son v. Building Co., 171 Mo. App. 543, 560; Traylor v.
White, 185 Mo. App. 325, 331; 38 Cyc. 1604.]

There are other interesting questions discussed in
the briefs of learned counsel, which need not be con-
sidered.  The judgment is reversed and the cause re-
manded.  *James T. Blair, C. J.,* concurs in separate
opinion in which *Woodson, Graves, David E. Blair* and
*Elder, JJ.,* concur; *Graves, J.,* concurs in separate opin-
ion in which *Woodson* and *David E. Blair, JJ.,* concur;
*David E. Blair, J.,* concurs in separate opinion in the
second paragraph, of which *James T. Blair, C. J.,* con-
curs; *Walker, J.,* dissents in separate opinion.

JAMES T. BLAIR, C. J. (concurring).—I. Instruc-
tion 1, summarized in the opinion of HIGBEE, J., con-

294 Mo. —10.

tains about the usual formula employed in this State, with the approval of this court, respecting the effect of the appearance in a larceny case of a showing that the accused was found in the exclusive posses-

**Presumption Arising From Possession.** sion of recently stolen property. The soundness of the doctrine of this court which authorizes instructions of the kind is open to the gravest doubt. The rule now in force is well illustrated in State v. Kelly, 73 Mo. 608. In that case an instruction was approved which reads as follows:

"On the one hand, the law presumes in this, as in all other criminal trials, that the defendants are innocent of the crime charged against them, and allows this presumption to continue until overcome by evidence which proves their guilt; and on the other hand, where property has been stolen, and recently thereafter the same property, or any part thereof, is found in the possession of another, such person is presumed to be the thief, and if he fails to account for his possession of such property in a manner consistent with his innocence, this presumption becomes conclusive against him."

Properly to understand this instruction and its real effect the words "beyond a reasonable doubt" must be supplied in sense after the words "prove their guilt" at the end of the first clause. Numerous subsequent decisions have followed this decision and approved instructions of like character. The holding is squarely in conflict with nearly all the authorities and decisions. The error resides in treating the inference from recent, exclusive and unexplained possession of stolen property as a presumption of law. It is not so, as is demonstrated from a consideration of the instruction given in the instant case. [See State v. Hodge, 50 N. H. 510. Mr. Bishop, 3 New Criminal Procedure, sec. 740, et seq., expresses his views thus:

"1. *The Just Doctrine* of this sub-title is believed to be that, when the fact of a theft has been shown, and

the question is whether or not the defendant committed it, his possession of the stolen goods, either sole or joint with others, at a time not too long after the stealing, is a circumstance for the jury to consider and weigh in connection with the other evidence. Its significance will vary with its special facts, and with the other facts of the case; among which are the nearness or remoteness of the proven possession to the larceny, the nature of the thing as passing readily from hand to hand or not, what explanations he made on its being discovered that he had the goods, together with such other facts as ought reasonably to influence a juror's opinion; and—

"2. *The Greater Number of the Cases,* especially the more recent ones, considered in connection with the familiar proposition that the law is a system as well of reason as of authority, expressed in not quite uniform terms and varying more or less in their outward forms, sustain the doctrine thus stated.

"3. *The Leading Later Cases,* covering a dozen years or more, are, for the convenience of the practitioner, considering that the doctrine in some of our states is not now the same as in earlier years, here in a note inserted in the alphabetical order of the states, without reference to what aspect of the question they sustain. It will be comforting to the well-wishers of our jurisprudence, who examine these cases, and who remember the condition of the law on this subject fifty years ago, to note that very little now remains in our reports, of unfortunate old doctrines which have melted before inflowing light. Among the views now exploded,—

"Sec. 741. *Prima-Facie Case—Burden Shifting—* Formerly it was often laid down that when the *corpus delicti* has been proved, if the stolen goods are shown to have been in the possession of the defendant after—or recently after—the theft, the burden of proof reverts to the defendant to explain the possession, failing which he must be convicted. Discordant and indistinct views were expressed as to whether the presumption was of

law or of fact. Later and more enlightened opinions discard this doctrine, in whatever form presented.

"Sec. 742. *The Possession Must Be Recent* to have the effect we are considering. And all deem that the presumption diminishes in force with the increase of time between the larceny and it. The just doctrine would seem to· be that if the possession is very remote, yet how remote must depend on the special facts of the case, the judge in his discretion will exclude it as having no sufficient tendency to prove anything; but when he admits it, he should leave ·it to the jury with proper suggestions. Judges who admitted it have dealt with it by no uniform rule. ·When it stood nearly or quite alone in the identifying evidence, and was plainly under the circumstances too remote to. found a verdict of conviction upon—as, for example, six months, or even three months—sometimes an acquittal has been ordered. Evidently no rule is reasonably possible.

"Sec. 743. 1. *The Doctrine that the Burden Shifts* from the State to the defendant is contrary to the true view that, in criminal trials upon the general issue of not guilty, such burden never shifts.

"2. *The Source of the Old Doctrine,* by which a rule of law, and not the opinion of the jury upon the evidence, convicted defendants of the criminal fact, may not be quite plain; but some references in text-books would seem to trace it to Lord HALE. 'If,' he says, in the passage referred to, 'a horse be stolen from A, and the same day B' be found upon him, it is a strong presumption that B stole him. Yet I do remember, before a very learned and wary judge, in such an instance, B was condemned and executed at Oxford assizes; and yet, within two assizes after, C, being apprehended for another robbery and convicted, upon his judgment and execution confessed he was the man that stole the horse, and being closely pursued desired B, a stranger, to walk his horse for him while he turned aside for a necessary occasion, and escaped; and B was apprehended with the horse and died innocently.'. Surely nothing further need

be said to satisfy the present generation that it is fully time for such barbarous folly to cease.' "

Mr. Wharton, 2 Criminal Evidence (10 Ed.) sec. 758, gives his views:

"Sec. 758. *Inferences from Possession of Stolen Goods.*—When we take up the presumption arising from the possession of stolen goods, we have again to deplore the looseness of phraseology which assigns one term, 'presumption,' to processes so very different as fictions, presumptions of law, and inferences. Of the confusion which thus arises, the 'presumption' now before us is the most striking illustration. It is really an inference of fact; but frequently, from the notion that inferences and presumptions of law are convertible, it has been declared to be a presumption of law. But the difference will at once be seen by recurring to the distinct processes of reasoning which are thus invoked. The presumption of law, granting its minor premise, establishes a certainty. It says, for instance: 'All persons under seven years are presumed incapable of crime. A is under seven years; he is therefore incapable of crime.' If A is under seven years, then the conclusion is a certainty, and the jury must be directed so to find. This, in fact, is deductive reasoning, in which the major premise is matter of law, and in which all that remains to the jury is to find as to the truth of the minor premise. But in inferences such as those immediately before us, the process is inductive, and neither major nor minor premise is matter of law. Thus, in the case of the inference from receiving stolen property, the reasoning is as follows:

" 'The proportion of guilty persons holding stolen goods to innocent is two to one: A holds stolen goods; therefore the probability of his guilt is two to one.' Now, as to this process, it is to be remarked: 1. That the major premise is a statement which is of no value unless it is based upon a large observation of facts; 2, that the conclusion is only a probability; and, 3, that no case arises in which the question comes up pure and simple, for in all cases the fact of possession is mixed with some other qualifying fact or inference.

"Taking up, then, the point immediately before us, we may say that a court may properly tell the jury that the possession by a party of stolen goods is a fact from which his complicity in the larceny may be inferred. But the possession must be personal; must be recent; must be unexplained; and must involve a distinct and conscious assertion of property by the defendant. If the explanation involves a falsely disputed identity or other fabricated evidence, the inference increases in strength; and so where the goods are part of a mass of stolen property, and where the case is that of a forged instrument held by one claiming under it. But in any view the question is one of fact."

In the Kelly Case this court seems to have thought that the Court of Appeals (State v. Kelly, 9 Mo. App. 512) held the instruction bad on a theory that all presumptions of law are conclusive in character and that, therefore, the presumption or inference from recent possession of stolen property could not be a presumption of law since it was disputable. This question seems to have overshadowed the real question for decision and the one really decided by the Court of Appeals. There is no doubt that recent, exclusive and unexplained possession of stolen property is evidence of guilt, as practically all agree. That it is a presumption of law which may be given to the jury as requiring a verdict in the sense of the rule now in force in this State is not the law. The authorities cited in the Kelly Case on this point do not support the conclusion reached thereon. In Wills, Circumstantial Evidence (5 Eng. Ed., Am. Notes) p. 68, it is clear the author was not speaking of a presumption to be given to a jury as requiring a verdict of guilt in a criminal case under a system which forbids a judge to comment on the evidence. On pages 25, 26 and 27 of the same volume will be found a discussion of legal presumptions in criminal cases which will disclose that the language quoted in the Kelly Case has no such meaning as that attributed to it. In 2 Best on Evidence, section 321, cited in the Kelly Case, it is said the recent pos-

session of stolen goods "is sufficient to call on the accused to show how he came by them; and, in the event of his not doing so satisfactorily, *to justify* the conclusion that he is the thief." This is no assertion that such recent possession of stolen property, in the absence of explanation, authorizes the court to *require* a verdict of guilty  The conclusion of guilt, under our system, is for the jury to draw, if so advised. Both these are English authorities and the difference in the practice is to be kept in mind. This was pointed out in the New Hampshire case cited by the Court of Appeals in State v. Kelly, supra. The quotation from Burrill is of the same kind. It is said the failure to explain will "warrant the final inference or conclusive presumption of his being the real offender." [Burrill on Circumstantial Evidence, p. 446.] The statement that the burden of proof is by the presumption mentioned put upon defendant to explain is not authority for an instruction to a jury, under our system respecting instructions, that the burden is upon him. It is perhaps a part of the reasoning of English judges in charging juries. Our practice does not permit the court to charge the jury. Mr. Burrill says, also (Circumstantial Evidence, p. 67, not b, and p. 446), that recent possession of stolen property is "a rule of evidence;" is "presumptive evidence " and while "sometimes called a presumption of law, or, at least treated as such . . . is obviously a presumption of fact." In the Kelly Case this court also cited Kelly v. Jackson, 6 Pet. 622, a civil case. The court took no cognizance of the distinction with respect to this matter which Mr. Wills points out in paragraphs of his Circumstantial Evidence, to which reference has already been made. The same thing is true of the citation of United States v. Wiggins, 14 Pet. 344, also a civil case. The citation of Greenleaf in the Kelly Case does not support the ruling made, as appears clearly from the notes to Section 34, 1 Greenleaf on Evidence (16 Ed.) and the explanation given by Mr. Greenleaf in Section 31, 3 Greenleaf on Evidence (16 Ed.), where he says: "We

have heretofore adverted to the possession of the instruments or of the fruits of a crime as affording ground to presume the guilt of the possessor; but on this subject no certain rule can be laid down of universal application; the presumption being not conclusive, but disputable, and therefore to be dealt with by the jury alone, as a mere inference of fact." If it be said that no presumption, as such term is understood here, can survive if this one is to disappear, it may be suggested that it has been pointed out in authorities already cited that presumptions of law (as we term them) are to be used very warily in criminal cases, if at all. This question can be met in connection with such a presumption when it arises. In support of the proposition that the rule in the Kelly Case and many others since decided is wrong, a part of the authorities will be cited. It may not be out of place to suggest that differences in terminology in the several jurisdictions are to be kept in mind in reading the decisions to be cited. It is not necessary to go into the question whether a court has used the most appropriate terms in characterizing presumptions, inferences, etc. It is necessary to understand what each court means by the terms it uses. These easily can then be translated into the language of this court or of the reader. [State v. Brady, 121 Iowa, 561, 12 L. R. A. (N. S.) 199 et seq.] Appended to this case is a note which cites numerous cases. [Engleman v. State, 2 Ind. 91; Gravitt v. State, 114 Ga. 841; Huggins v. People, 135 Ill. 243; Cooper v. State, 29 Tex. App. 8; Lehman v. State, 18 Tex. App. 174; Stokes v. State, 58 Miss. 680; Belote v. State, 36 Miss. 96; Stockman v. State, 24 Tex. App. 387; Williams v. State, 40 Fla. 480; Hunt v. Commonwealth, 13 Grat. 757, 70 Am. Dec. 443 et seq. and note (Here is found a discussion of many authorities); State v. Duncan, 7 Wash. 336; State v. McRae, 120 N. C. 608.] In the note to State v. Drew, 179 Mo. 315, 101 Am. St. l. c. 485 et seq., will be found a discussion of the matter and citations of a very large number of cases. The great current of the decisions considered runs against the

right of the judge to tell the jury that from recent, exclusive and unexplained possession they must find the defendant guilty. The whole evidence is for the jury. [State v. Potello, 40 Utah, 56; Commonwealth v. McGorty, 114 Mass. l. c. 302, 303 (This case is cited in State v. Kelly, supra); Bryant v. State, 116 Ala. l. c. 452; State v. Rosencrans, 9 N. D. l. c. 164; State v. Sanford, 8 Idaho, l. c. 188.] In State v. Mandich, 24 Nev. l. c. 340, 341, is found a paragraph which has met with approval: "In prosecutions for larceny the fact that the stolen property is, recently after the theft, found in the possession of the defendant, can always be given in evidence against him. The strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case, and is for the jury to determine. In a well considered case, and upon an elaborate review of authorities, it was held that: 'It is a presumption established by no legal rule, ascertained by no legal test, defined by no legal terms, measured by no legal standard, bounded by no legal limits. It has none of the characteristics of law. Whether it be found by the judge or jury, the judge and the jury must be equally unconscious of finding in it any semblance of a legal principle, however much good sense may appear in the result arrived at. Being a presumption of fact, it should, according to our practice, be drawn by the jury and not by the court.' [State v. Hodge, 50 N. H. 510.] It is the province of the jury to determine whether the possession is recent enough to raise the presumption of guilt. The presumption arising from the possession of stolen property is a presumption of fact. [Id. and authorities cited.] Whether the explanation of the defendant of how he became possessed of the property in question was reasonable and truthful, or otherwise, was for the jury to determine." In State v. Hodge, just cited, is found an exhaustive discussion of the subject. The nature of the evidentiary force of recent possession of stolen property is learnedly considered, and the source of the chief errors in decisions like that in State

v. Kelly, pointed out. Other decisions are: Douthitt v. Territory, 7 Okla. l. c. 58; Territory v. Livingston, 13 N. M. l. c. .326, 327; State v. Duel, 63 Kan. l. c. 817; State v. Herron, 64 Kan. l. c. 364, 365; Perrin v. Commonwealth, 87 Va. l. c. 557; Baker v. State, 80 Wis. l. c. 421; People v. Cline, 74 Cal., l. c. 577; Graham v. State, 12 Okla. Cr. l. c. 88; State v. Sparks, 40 Mont. 82; State v. Bogris, 26 Ida. l. c. 601; Waldon v. State, 182 Ind. l. c. 115; State v. Brinkley, 55 Ore. l. c. 139, 140; People. v. Kubulis, 298 Ill. l. c. 527 et seq.; People v. Bullion, 299 Ill. l. c. 213; State v. Trosper, 41 Mont. l. c. 446; Mosley v. State, 11 Ga. App. l. c. 303; Askew v. United States, 2 Okla. Cr. 155; State v. Anderson, 162 N. C. l. c. 574; Douglass v. State, 91 Ark. l. c. 495, 496; Wiley v. State, 92 Ark. l. c. 590, 591; Clark v. State, 59 Fla. l. c. 14; Collier v. State, 55 Fla. l. c. 9, 10; Stover v. People, 56 N. Y. 315; People v. Friedman, 149 App. Div. l. c. 876; State v. Littleton, 77 W. Va. 804; Thomas v. State, 15 Ala. App. 163; State v. Guffey, 39 S. D. 84; State v. Mullins, 55 Mont. 95; State v. Larson, 41 S. D. 553; State v. Overson, 55 Utah, 230; State v. Couplin, 146 Minn. 189; Barton v. United States, 267 Fed. l. c. 175; People v. Surace, 295 Ill. 604; Smith v. State, 196 Pac. (Ariz.) 420; Cheeves v. State, 196 Pac. (Okla.) 726; People v. Stennett, 197 Pac. (Calif.) 372; State v. Lennick, 182 N. W. (N. D.) 458; Pospisil v. State, 182 N. W. (Neb.) 506; State v. McCarty, 182 N. W. (N. D.) 754; State v. Keelen, 203 Pac. (Ore.) 306; State v. Williams, 202 Pac. (Ore.) 428; Stallard v. Commonwealth, 107 S. E. (Va.) 722; 17 R. C. L. p. 71, sec. 76; 25 Cyc. 134, 135.

The Kelly Case and all that have followed it, or the rule it announces, are wrong, and the court should say so in no uncertain terms. That there is no such presumption as held in that case is made too clear by the authorities quoted and cited to require further discussion. The jury should be allowed to try the facts. The great number of erroneous decisions in this State, largely begot by State v. Kelly, is no reason for hesitation in adopt-

ing the correct rule. It is quite probable that in most cases no actual harm has resulted. It is obvious that in some cases injustice may be worked by the present rule. We should no longer direct trial judges to substitute themselves for the jury on important issues of fact in cases of this kind. That is what this court has been doing. The apology for the number of citations is that the error in question has become so thoroughly imbedded in our jurisprudence that the temptation to use all the fit material at hand in an effort to blast it out is too great to be resisted.

II. An examination of the decisions cited in the preceding paragraph discloses that the practice with respect to the matter of instructing the jury concerning the effect of evidence of recent and exclusive possession of stolen property, is not at all uniform. Issues of fact are to be tried by the jury. [Sec. 4005, R. S. 1919.] It is the trial court's province to determine whether there is substantial evidence tending to prove the charge (State v. Stevens, 242 Mo. l. c. 442), but it is the province of the jury to weigh the evidence and determine whether it proves the charge beyond a reasonable doubt. [State v. Cannon, 232 Mo. l. c. 215.] It is the function of counsel to argue the case. While the trial court may set aside a verdict of conviction if he believes it to be opposed to the weight of the evidence, it is quite improper for him to give the trial jury, in any manner, his views of the weight of the evidence. He should not comment on the evidence, either in instructions or otherwise. If, under applicable rules, there is substantial evidence that property has been stolen, it is the business of the jury to say whether they believe this evidence and whether it engenders the requisite degree of belief in their minds. If there is substantial evidence of defendant's criminal agency, whether that evidence be evidence of recent and exclusive possession of stolen property or evidence of some other character, it is still the duty of

*Jury Question: Comment on Evidence.*

the jury, and of the jury alone, to weigh the evidence and, for themselves, respond to the question whether this evidence convinces them beyond a reasonable doubt. The trial court ought not to argue the question, either directly or by comment in instructions which, directly or by implication, gives the jury his view of the weight of the evidence. The evidence on such a question should go to the jury like that on any other. Counsel may argue the facts and the inferences to be drawn therefrom. The jury can give such facts the weight they think they deserve and draw the inferences they believe ought to be drawn. This is peculiarly their duty. [State ex rel. v. Ellison, 268 Mo. l. c. 256, 257.] With respect to an issue of the kind in question it is as much the trial court's duty strictly to confine his instructions to the law as it is in any other matter or issue.

III. In view of what is said in paragraph I, an Circumstantial instruction on circumstantial evidence would Evidence. have been proper on the trial of this case.

For the reasons given I concur in reversing the judgment and remanding the case for further proceedings. *Woodson, Graves, David E. Blair* and *Elder, JJ.,* concur.

GRAVES, J. (concurring).—I. I concur in the result of the majority opinion in this case. In my judgment the case before us is one of circumstantial evidence. The question to be determined by the jury in the case was, did the defendant steal, take and carry away the property of the prosecuting witness? No eye saw him do it. The facts shown (1) that Williamson owned the tarpaulin and (2) that it was taken from his place, without his consent, might be circumstances tending to show a theft of the article by some one, but are not direct proof of a theft by defendant. So too, possession of recently stolen property may be a circumstance tending to show that the defendant was guilty of the theft, but it

Circumstantial Evidence: Presumption.

is not direct evidence of the theft. One cannot read the collated case-law upon the subject without reaching the conclusion that this case is one of circumstantial evidence. The fact that our Missouri law makes the circumstance of possession presumptive evidence of guilt, does not change the situation. On this question our State stands practically alone, and our holdings are wrong in principle. It is at most simply a presumption based upon circumstantial evidence.

In the notes on the case of State v. Overson, 30 Utah, 22, in 8 Ann. Cases, 798, it is said: "Recent possession of stolen property is not positive evidence of theft. It is but a circumstance tending to establish it. . . . Hence when possession is relied upon to establish inferentially a taking of the property, it is a case of circumstantial evidence, and the trial court should charge on the law relating thereto." The annotator cites a long list of cases, which might be read with profit.

In the notes to Beason v. State (Texas), 69 L. R. A. l. c. 198, it is said:

"The finding of property that has been stolen in the possession of the accused, which possession he does not satisfactorily excuse, explain or account for, or does so untruthfully, has been held to be prima-facie evidence that he committed the larceny; but the single possession of such property, shown in the accused, is only a circumstance tending to prove his guilt, and which, without any positive proof as to the taking, renders the case one wholly depending upon circumstantial evidence, and a failure of the court to charge upon the subject is error; and the cases in this subdivision are those which, under varying circumstances, point out this rule."

The long list of cases cited and analyzed bear out the foregoing excerpt from the language of the annotator. I have found two or three cases which hold that when the defendant goes on the stand and admits the possession, and tries to explain it, then the case is not one of circumstantial evidence alone. The great weight of the cases are the other way. The reason is the other.

way. The mere admission of possession is not different from proof of possession. If the defendant does not go upon the witness stand, and the State proves his possession, it is a circumstance showing guilt, and under our law raises a presumption of guilt. His admission of possession does not make the possession anything more than a circumstance tending to show the theft. In my judgment the present case was one of purely circumstantial evidence, and under the law the trial court was compelled to give an instruction upon circumstantial evidence, and this was not done. This failure was error.

II. I do not agree to the proposition that the failure of the court to instruct upon circumstantial evidence is not here for review. I fully agree with the sound and exhaustive opinion of KENNISH, J., in State v. Conway, 241 Mo. l. c. 283, et seq. I commended him at the time for putting his division of the court

Instruction
Necessary.

aright upon a question that had been fearfully mooted in the then later cases. I regretted to see the court thereafter depart in a way from the Conway Case. Such departure has wiped out the statute, which the Conway Case gave a righteous effect. I shall not re-argue the question, because it is ably argued in Conway's Case. That case should be the law, and is the reason of the thing. At least, I shall not concur in a repeal of the fourth sub-division of the statute (now Sec. 4025, R. S. 1919) by court decision. *Woodson* and *David E. Blair, JJ.*, concur in these views.

DAVID E. BLAIR, J. (concurring).—I. I concur in the result reached in the opinion of HIGBEE, J., and also concur in the separate concurring opinions of BLAIR, C. J., and GRAVES, J. For many years this court has adhered to the rule that unexplained possession of recently stolen property raises a presumption of law that

Presumption:
Stare Decisis.

the possessor is the thief. In so doing we have been out of harmony with the overwhelming weight of authority as found in

the well-reasoned decisions of practically all of the other states. The fact that we have followed the rule for so many years and that such rule has become thoroughly embedded in the decisions of the court during all those years is in my judgment no reason why we should continue to follow an unsound rule and one that has doubtless permitted injustice to be done in some cases.

II.  An instruction telling the jury that one in possession of property recently after it is stolen is presumed to be the thief thereof, unless he satisfactorily explains such possession, is also improper, for the reason that it is a comment on the evidence. Since **Presumption: Comment on Evidence.** we have abandoned the rule that unexplained possession of recently stolen property raises a presumption of law that the possessor is the thief, the trial court should not give any instruction whatever in relation to the conclusions or inferences which may be drawn by the jury from the fact of possession of recently stolen property. The fact of such possession should be left to the argument of counsel in connection with other facts shown by the evidence and such fact should not be singled out by the court or unduly commented upon in the instructions.

III.  I am unable to concur in paragraph one of the opinion of HIGBEE, J., wherein he condemns Instruction 1 in the instant case, on the ground that it assumes that the property was stolen. The jury were first required to find that the property was stolen, and, having **Assumption of Fact.** once been required to find that fact, the reference to the property thereafter in the instruction as stolen property did not amount to the assumption that the property was stolen. [State v. Richardson, 228 S. W. 789; State v. Bickel, 177 S. W. 310.] In 16 Corpus Juris, 950, it is said: "Although part of a charge may be open to the objection that it assumes a fact in issue, this error will be cured when the charge taken as a whole overcomes the objection."

IV. I think the judgment in this case should be reversed and remanded for the additional reason that the trial court failed to instruct upon circumstantial evidence and that the point is sufficiently saved by being called to the attention of the trial court for the first time in appellant's motion for new trial, as pointed out in the separate concurring opinion of GRAVES, J., in which I fully concur. *James T. Blair, C. J.*, concurs in Paragraph II herein.

Circumstantial Evidence.

WALKER, J. (dissenting),—The matter here in controversy is the legal propriety of an instruction given by the trial court at the request of the State. That instruction, numbered 2, is as follows:

"The court instructs the jury that if you find and believe from the evidence that the property mentioned in the information, to-wit, one twelve ounce duck canvas tarpaulin, twenty-four feet wide by thirty feet long, was the property of J. C. Williamson and that it was stolen in said County of Vernon in the State of Missouri, on or about the —— day of January, 1920, and that recently after it was stolen the same was found in the exclusive possession of the defendant, William Swarens, then he is presumed to be the thief and the burden is upon him to overcome such presumption, and unless such possession is satisfactorily accounted for in a manner consistent with the innocence of the defendant by evidence in the case, or the circumstances attending such possession, or by the habits and manner of life of the defendant, or unless such presumption is rebutted by evidence showing the good character of the defendant, or by evidence that he was at some other place when said property was stolen, or by the weight of all the evidence before you, you should find the defendant guilty, as charged in the information."

Instruction Given.

I. The correctness of this instruction from various angles is discussed and questioned in the majority opinion and in the opinions of two of my associates. I differ with them in both their reasoning and conclusions; and

Stare
Decisis.

I will endeavor to demonstrate, as briefly as the subject will permit, the reasons for my difference. Neither in its letter nor its context is the instruction subject to tenable objections. As prefatory to more substantial reasons, something might be said of the time-honored presence of this instruction in our jurisprudence since the rendering of the opinion in State v. Floyd, 15 Mo. 349, to the present time. This, on the score that in the law, as in literature, "out of the old field, as men say, cometh the new corn." Thus hallowed by time and use, it has wrought no wrong to the innocent, nor has it imposed an onerous burden upon the accused. Affording, as it does, an opportunity for a fair trial, something more than diverse rulings in other jurisdictions or differences of opinion among ourselves as to the character of the presumption the instruction presents, should be advanced to authorize its condemnation:

It is contended in the majority opinion that the instruction assumes the commission of the crime in using the words "after it was stolen." This phrase must necessarily be construed in connection with what precedes it. In the beginning of this instruction, the jury is expressly told that "they must find and believe from

Assumption of
Disputed Fact.

the evidence" as a condition precedent to a verdict of guilty that the tarpaulin was stolen. Thus directed, there is no reasonable ground for even the lay mind, however unfamiliar it may be with the rules of interpretation, to understand that the subsequent words "after it was stolen" are not meant to assume the commission of the theft, but that such words are to be construed in connection with and subordinate to the finding necessary to be made by the jury before they can find that the crime was committed.

The general rule in regard to the manner in which instructions are to be construed is not inappropriate in this connection, viz: that a clause in an instruction is not to be held erroneous unless it is so after reading it in connection with the balance of the instruction of which it forms a part. [Andrew v. Linebaugh, 260 Mo. 623; State v. Parmenter, 278 Mo. 532; State v. Lippman, 222 S. W. (Mo.) 436.]

Like reasoning will apply to the futility of the further contention in the majority opinion as to the use of the words "when said property was stolen" in stating the defendant's right to the proof of an alibi in rebuttal of the presumption of guilt arising from the possession of the property recently after it was alleged to have been stolen. Nor is there merit in the contention that there was error in the use of the words "by the weight of all of the evidence" in defining the *quantum* of proof necessary to a finding of guilty. What constituted the weight of the evidence, as the phrase was here used, was correctly defined in other instructions, and the jury was not left in doubt as to what was meant. These other instructions were in regard to the question of reasonable doubt and the weight and value to be given the testimony, which were in the stereotype forms often approved by this court. Thus instructed, the jury could not have been misled as to what constituted the weight of the testimony. No undue burden having been placed on the defendant by the use of the words in question, he has no ground of complaint in this regard.

The contention that the instruction is erroneous in not stating the statutory value necessary to constitute grand larceny is based on the theory that the instruction is drawn to cover the entire case and hence it should include all evidentiary facts. If the same Covering Entire Case. rule be applied in criminal cases that has sometimes found application in civil cases as to the requirements of instructions so drawn as to cover the entire case, it would not be applicable in this instance. The instruction does not purport to cover the

entire case. The description of the property therein is simply preliminary to a statement of the probative force of the presumption arising from the recent possession of stolen property. Neither this description nor the authority given the jury to return a verdict of guilty upon a failure of the defendant to rebut the presumption can be construed to cover the entire case.

The instruction which more nearly covers the entire case, under the theory of the majority opinion, is that numbered 1, which states, among other essentials, that the jury must find that the property was of the value of thirty dollars or more to authorize a verdict of guilty. This constituted a sufficient statement of the value of the property under the well-established rule that the instructions are to be considered as a whole, and when so considered, if they consistently and correctly declare the law applicable to the case under the evidence, they are not obnoxious to criticism. All that a defendant can require is that his case be fairly and fully presented. When so presented no objection thereto should be sustained. When a case is thus submitted, it is beside the mark tö contend that error has been committed in submitting the issues in several rather than one instruction. [State v. Burgess, 193 S. W. (Mo.) 821; State v. Murray, 193 S. W. (Mo.) 830; State v. Arnett, 210 S. W. (Mo.) 82; State v. Reppley, 278 Mo. 333; State v. Hostetter, 222 S. W. (Mo.) 750; State v. Jones, 225 S. W. (Mo.) 898.] While the rule is that an instruction shall be complete, this does not mean that every evidentiary fact arising in a case, even if the same is pleaded, should be set forth therein. It is sufficient, therefore, if all of the instructions when read together present a correct statement of the law, for they but supplement each other. [Brown v. Globe Ptg. Co., 213 Mo. 611; State v. Norman, 101 Mo. 520.]

II. As to the concurring opinion of Chief Justice Blair concerning the propriety of the instruction that a court is not authorized in telling a jury that the

recent unexplained possession of stolen property will warrant a presumption of guilt, but that such possession should be considered as any other eviden- *Presumption Arising from Possession: Explanation.* tiary fact freed from any presumption. Whether the presumption be one of law or fact, technically considered, is not so material as is the question whether the language of the instruction is not such as to cause the court to usurp the functions of the jury. If we seek light in the deductions of text-writers rather than in the actual rulings of the courts, we find in learned treatises on evidence and on presumptions that the line of demarcation between the different species of presumptions has not been observed with precision. The same presumptions are spoken of by judges sometimes as of law and at other times as of fact; sometimes as presumptions juries are advised to make, and at other times as being obligatory upon them to make. [2 Best, Ev. par. 323; Best, Presump, 47 L. L. par. 37.] In discussing the principle involved in the foregoing from Best on Evidence, the Supreme Court of Iowa says, in effect, that: "The recent unexplained possession of stolen property tends to establish the guilt of the person in whose possession it is found, and will authorize conviction, unless the inference of guilt is overcome by other facts tending to establish the innocence of the accused. This presumption may be overcome by testimony establishing facts inconsistent with guilt. Good character may be sufficient in some cases to overcome the presumption. The law holds that the presumption in question, unless overcome, will authorize conviction. It is a presumption recognized by the law, and may, therefore, be termed a presumption of law. The term presumption of fact implies that from certain facts the law will raise a presumption. Either of these terms, presumption of law or presumption of fact, may be used to express the same thought, for they are identical in meaning. See State v. Richart, 57 Iowa, 245; State v. Hessians, 50 Iowa, 135; State v. Taylor, 25 Iowa, 275. The instruction we think is correct."

State v. Swarens.

[State v. Kelly, 57 Iowa, 1. c. 646.]   Whatever may be
the character of the presumption, the issue sharply made
is as to its probative force.   The effect of the Chief
Justice's reasoning in his concurring opinion is that
it is simply an evidentiary fact which derives no potency
from the character of the property, the nature of the
offense, or the fact that the possession  may be recent
and unexplained.  If, on the other hand, the presump-
tion arises out of a showing that the property recently
stolen has been found in the possession of the accused,
the law imposes upon him the burden of accounting for
the possession of same in a manner consistent with in-
nocence; otherwise the court may, as it has done in the
case at bar, call the jury's attention to the force of the
presumption and tell them that a verdict of guilty may be
returned in the event such showing is not made.  Despite
the formidable array of authorities cited to the contrary,
there are many well reasoned cases in support of the
rule as above announced.  These cases hold that where
one is found in the exclusive unexplained possession of
stolen property, unless he accounts for such possession
in some of the many ways stated in the instruction under
review, he will be presumed to be the thief.  This, say
some of the cases, is simply a deduction of common sense.
And whether it be termed a legal presumption or one of
fact, it must be submitted to the jury, as it was at bar,
with a clearly defined statement of the facts and circum-
stances which the accused might interpose to destroy
its probative force, when the State may, in turn, if it
can, satisfy the jury that the showing of the accused is
false.   This rule of law has long been maintained here
and elsewhere despite the fact that generally a court
is forbidden to intimate to the jury an opinion as to the
weight of the evidence.  This rule, however, like that of
*falsus in uno, falsus in omnibus* and the presumption of
fraud as a matter of law from certain fiduciary rela-
tions, has been in practice reduced to narrow limits and
is only applied when it is not necessary to resort to
other evidence to support the conclusion.  In other words,

says, in effect, the Supreme Court of North Carolina (Lee v. Pearce, 68 N. C. 90): "The fact of guilt must be self-evident from the bare fact of the accused being found in the possession of the stolen property in order to authorize the court in declaring the presumption made by the law."

In State v. Garvin, 48 S. C. 258, the court, although designating the presumption as a legal one, held it to be a matter for the jury, and said, in effect, very clearly, the law does impose the duty upon a man, under such circumstances, to explain how he came into the possession of the property. If innocent, this is an easy matter. If he declines to do this or lies about it, the law places upon him a heavy responsibility.

Citing with approval Lee v. Pearce, the Supreme Court of North Carolina in State v. Graves, 72 N. C. 482, reiterated the rule that when goods are stolen and found in the possession of a person thereafter, unless explained, will authorize the presumption that he was the thief.

In Johnson v. State, 148 Ind. 524, it is held that when it is proved that property has been stolen and the same is recently thereafter found in the possession of another, the law imposes upon such person the burden of accounting for his possession and of showing that it was innocently acquired; failing so to do or giving a false account of his possession authorizes the presumption that he is the thief.

In Territory v. Casio, 1 Ariz. 485, it is held that "it is generally understood that the Prisoner's exclusive and unexplained possession of stolen property recently after the theft raises the presumption that the possessor is the thief, and lays the burden upon him to explain such possession in a manner consistent with his innocence." In support of this conclusion, the following texts and cases are cited: Roscoe, Cr. Ev., par. 18; 2 Russ. on Crimes, section 337; Knickerbocker v. People, 43 N. Y. 177; People v. Walker, 38 Mich. 156; State v. Brady, 27 Iowa, 126; State v. Turner, 65 N. C. 592; Waters v. People, 104 Ill. 544.

The rule announced by the Supreme Court of Delaware in State v. Carr, 57 Atl. 370, is that where property recently stolen is found in the possession of a person, the rule of law is that such person is presumed to be the thief unless he accounts satisfactorily to the jury for his possession.

The rule that has been adhered to in Missouri for at least three-quarters of a century, which is in harmony with the cases above cited, is in our opinion correctly declared in the instruction under review. Under the rule as there applied, whether the presumption be one of law or fact, or conclusive or disputable, its probative force must depend upon the circumstances surrounding each particular case. Whatever these particular circumstances may be in any given case, proof that the property has been stolen is a prerequisite to the right to the presumption; further than this, as in the instruction here, the right of the jury to entertain the presumption is "cribbed, cabined and confined" by a number of limitations, either of which if deemed satisfactory by the jury will entirely dissipate the force of the presumption. Among these are an accounting for the possession in a manner consistent with innocence, which may include proof of the habits and manner of life of the accused, the conditions under which the property was acquired, the good character of the possessor, proof of an alibi, or that the weight of the evidence was against the otherwise authorized presumption. In the face of these limitations there is little room left for the contention that the usual presumption of innocence is removed or that the burden of proof is shifted to the defendant. Let it be granted, however, that the giving of the instruction may afford technical ground upon which to base these contentions, it furnishes nothing more. In its practical application it simply tells the jury that they may entertain a presumption that naturally arises in the normal mind upon its being shown that property recently stolen has been found in the exclusive possession of a defendant. If the jury were thus instructed without more some basis

might be found for the contentions as to the removal of the presumption of innocence and a shifting of the burden of proof. With the limitations stated, however, there can exist no reasonable possibility for the defendant to be deprived of any defense to which he is entitled under the law.

Without lessening the force of the reasoning in favor of the integrity and perpetuity of the rule as to the probative force of the presumption in cases of the character here under review, it may be conceded that this rule is not in accord with the trend of decisions in other jurisdictions. While harmony in judicial rulings may, in the main, be regarded as a *desideratum* promotive of justice, the maxim loses its force when the reason for its existence ceases. That reason finds its only sure foundation in the fact that where the rulings on a given subject are uniform in their character the administration of the law will be rendered more effective and less opportunities will be afforded for unjust decisions. Where, however, a difference in ruling does not produce this effect, an attempt to harmonize them simply for the sake of a maxim can work no practical good. It is not, therefore, in a reactionary but a genuinely conservative spirit, prompted by a desire to further, so far as possible, the effective administration of the law, more specifically that of larceny, that this protest is entered against the proposed overruling of scores of Missouri cases on this subject.

III. I differ with my associate Judge GRAVES in regard to the right of the defendant to an instruction on circumstantial evidence. The rule that a defendant may only demand as a matter of right the giving of this instruction, in the absence of any other than circumstantial evidence, should, upon a review of the Circumstantial facts, prove a sufficient answer to the con-Evidence. tention of my learned brother. There was proof of asportation, one of the essentials of the crime; this was direct in that the possession of the tarpaulin was as a physical fact found in the possession of the

defendant. This finding, speaking as it does more emphatically than oral testimony, should not be construed as circumstantial. If, however, it be contended that the physical fact of possession does not obviate the necessity of an instruction on circumstantial evidence in that it is not direct testimony, it is shown that the defendant admitted the taking of the property. This constitutes direct evidence of the taking, although the defendant claims that he acquired the possession lawfully; that is, by finding the tarpaulin in a field.

The Supreme Court of Oregon, in a prosecution for larceny where the defendant admitted that he had the property in his possession but claimed that he had purchased it from a stranger, held, where the court instructed the jury on the question of purchase, presumption of innocence and reasonable doubt, it was not erroneous to refuse to instruct specifically upon the question of circumstantial evidence.

It is held that if the accused admits that he took the property, this relieves the court of the necessity of charging on the law applicable to circumstantial evidence, although the defendant may claim that he bought the property from a stranger previous to the taking. [Williams v. State, 44 S. W. (Tex. Cr.) 1103.] See also People v. Kaatz, 3 Parker, Cr. (N. Y.) 129. A like rule applies where the accused confesses the taking but insists that he did so without a fraudulent intent, under which state of facts it was held that the case was removed from the realm of circumstantial evidence so as to require a special charge thereon, the only issue left being that of intent. [Roberts v. State, 44 Tex. Cr. 267; Baxter v. State, 43 S. W. (Tex. Cr.) 87; Reed v. State, 46 S. W. (Tex. Cr.) 931.]

On a trial for theft of cattle where the accused testified that he took the animal by virtue of purchase from a stranger, this relieved the court of the necessity of charging on circumstantial evidence on the theory that there was direct testimony as to the taking. [State v.

Holmes, 42 S. W. (Tex. Cr.) 979; Houston v. State, 47 S. W. (Tex. Cr.) 468.]

In summing up the rulings of the courts on the question of defendant's right to an instruction upon circumstantial evidence in larceny cases, it is said in 17 Ruling Case Law, page 80, that "the rule is universal that where an appellant testifies, and admits the possession of stolen property, but claims that his possession thereof was obtained in such manner as not to constitute theft, the case is not one of circumstantial evidence." [Worsham v. State, 56 Tex. Cr. 253, 120 S. W. 439, 18 Ann. Cas. 134; State v. Overson, 30 Utah, 22, 8 Ann. Cas. 794 and note.]

In view of all of which, I am of the opinion that the judgment of the trial court should be affirmed.