**STATE of Missouri, Plaintiff-Respondent,**

v.

**Terry BELCHER, Defendant-Appellant.**

**No. 52303.**

Missouri Court of Appeals, Eastern District, Northern Division.

June 16, 1987.

Motion for Rehearing and/or Transfer Denied July 21, 1987.

Thomas R. Motley, Public Defender, Hannibal, for defendant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by jury of stealing auto parts and tools worth more than $150 in violation of § 570.030, RSMo 1986. The trial judge sentenced him as a prior offender to three years' imprisonment. Defendant appeals. We affirm.

On the morning of November 24, 1985, Daniel Schutte found his metal barn had been broken into. Various car parts, tires, and tools were missing. The next day Audrain County Sheriff Stuart Miller received a tip that the missing property had been stolen by defendant and Bobby Williams and that the property could be found in the garage of Elmer Williams Sr., Bobby's father, and in the trunk of defendant's car. Deputies Stanford and Pew went to the Williams residence and obtained consent to search the garage. Most of the stolen items were found in the garage under a blanket. Deputy Stanford testified that Bobby Williams explained that he and Elmer Jr. had purchased the items from "two black guys" in a truck, and that defendant had come over and helped them unload the property.

The initial questioning of defendant and permissive search of his car revealed nothing. Defendant claimed he had been at his girlfriend's home at the time of the theft. The girlfriend, Deanna Claywell, initially confirmed his story, but she later recanted that statement. In her second statement and at trial Claywell said that her first statement was false: defendant had not been with her that night. Defendant had instructed her to give that story. She related that defendant later said "he was sticking to the story" given by Bobby and Elmer Jr., but they were "changing their story and trying to make it look like he [defendant] did it all."

Claywell also described that on November 25 while defendant and Eric Lynn were at her house, defendant asked Lynn if he could put some things into his trunk for a while. Lynn gave his permission and his keys to defendant. Defendant then went out and transferred some items from the trunk of his car to the trunk of Lynn's car. Defendant told Lynn the property was "hot" and "don't get caught with it." Later Sheriff Miller recovered the items from Lynn, and they were identified as among the property stolen from Schutte. After the transfer defendant, Claywell and Lynn went to the Williams residence. Defendant said he wanted to talk to Bobby and Elmer Jr. and that he would rejoin Claywell in about an hour. Claywell reported that defendant did not return for several hours. After recovering the stolen property from Lynn, Sheriff Miller arrested defendant.

On appeal defendant contends there was insufficient evidence of stealing, and, therefore, the trial judge erred in denying his motion for a directed verdict of acquittal at the close of the evidence and in submitting the instruction on stealing to the jury. In reviewing the record, we accept as true all evidence supporting the verdict and the reasonable inferences arising therefrom. We disregard all evidence contrary to the verdict. We must determine whether there was sufficient evidence from which reasonable persons would have found defendant guilty as charged. *State v. Dunavant*, 674 S.W.2d 685, 686 (Mo.App.1984).

The above evidence is sufficient to support submission of the stealing charge to the jury. The question of what evidence is sufficient to support submission of a stealing charge was recently addressed in *State v. Brown*, 716 S.W.2d 436 (Mo.App.1986). There the southern district affirmed Brown's conviction for stealing and burglary, stating,

> An inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary, and the inference exists as to both the burglary and the stealing. *State v. Arnold*, 566 S.W.2d 185, 188[4] (Mo. banc 1978); *State v. Cobb*, 444 S.W.2d 408, 414[9] (Mo. banc 1969). Such evidence is sufficient to support a submission of both the burglary and the stealing. *State v. Miller*, 499 S.W.2d 496, 499[4] (Mo.1973).

*Id.* at 438.

It is interesting that in *State v. Brown*, WD No. 35734 (Mo.App. March 31, 1987), a recent case involving the same defendant and almost identical facts as those before the southern district, the western district reversed a judgment finding Brown guilty of burglary and stealing, stating that the evidence was insufficient to support the convictions. Relying on *State v. Swarens*, 294 Mo. 139, 241 S.W. 934, 939 (Mo.1922) (en banc), the court held "that the inference arising from possession must be corroborated by other facts and inferences to support convictions of burglary and stealing."

In the case at bar we believe the evidence was sufficient to meet either standard for submissibility because there were additional factors beyond the unexplained possession of recently stolen goods.[1] The evidence indicated that in addition to having possession of recently stolen property, defendant helped to deliver the rest of the stolen property to others involved in the theft. There was evidence that after defendant realized he was a suspect, he gave the stolen property he had retained to Eric Lynn, stating that it was "hot" and he should get rid of it. He also asked his girlfriend to lie and provide him with an alibi for the period of time in which the stealing occurred. Later he told his girlfriend that "he was sticking to the story that Bobby told him to say." He said the Williams brothers were, however, "changing their story and trying to make it look like he [defendant] did it *all.*" (Emphasis ours.) Defendant's point is without merit.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.

---

1. Although prior cases in this district have involved possession plus additional facts, as in the case at bar, we appear to have adopted the southern district's view. *See, State v. Williams,* 672 S.W.2d 80, 81, 82 (Mo.App.1983); *State v. Pickett,* 642 S.W.2d 703, 705 (Mo.App.1982); *State v. Battles,* 607 S.W.2d 723, 726 (Mo.App. 1980).